## COMMONWEALTH *vs.* LEWIS W. GRAVES.

On an indictment for being a common seller of intoxicating liquors the testimony of state deputy constables and their agents is competent, without corroboration, to prove sales by the defendant, although the witnesses purchased for the purpose of prosecuting the seller for the offence committed.

Evidence of three separate and distinct transactions, each having the elements constituting a sale of intoxicating liquor, is competent proof of three sales, although they occurred at a single visit of the purchasers to the defendant's place of business, under a preconcerted plan to obtain evidence against him, in pursuance of which the liquor was called for and delivered at short intervals.

INDICTMENT for being a common seller of intoxicating liquors. At the trial in the superior court, before *Rockwell,* J., the only

witnesses for the government were two state deputy constables, and one Wotton, who acted in concert with them and under their direction. The evidence tended to show that on October 5, 1866, the three witnesses, under a preconcerted plan, met at the defendant's house in Southampton and remained there about an hour " to ascertain if the defendant would sell them liquor on their application for it, their purpose in purchasing being to enable the officers of the government to use the facts in a prose-cution against the defendant." No other sales were proved than those thus induced. The deputies testified that " in obtaining convictions in this way they considered themselves acting in the line of their duty as public officers employed to suppress the liquor traffic, and drew the prescribed pay and fees and some other incidental expenses while performing this service, and certified their witness fees in all cases where they testified."

The defendant requested the court to instruct the jury that, as to such witnesses, the rule prescribed is that their evidence should be received with great distrust and caution ; that the government cannot so far take advantage of the wrong of its officers, as to demand a conviction for sales so procured; and that if the purchases were made under a preconcerted plan, and the call-ing for liquor at short intervals was in order to make proof of three sales, the different acts of delivery would not con-stitute separate sales for the purpose of convicting as a common seller.

But the judge instructed that it was not necessary to pro-nounce opinion on the proper modes of obtaining evidence ; but if it appeared that witnesses, whether public officers or otherwise, went to purchase liquor for the mere purpose of obtaining testi-mony to convict the seller, and not for the ordinary purpose of purchase of the article, the jury might properly examine the evi-dence with caution, and if there was any apparent craft or indi-rect contrivance in procuring testimony, they should examine it with the greatest care and caution ; and that " if the whole evidence satisfied them that the defendant had made as many as three sales, separate and distinct from each other, that is, the delivery, sales and purchase being separate and distinct from **each**

other, it was sufficient." The jury returned a verdict of guilty and the defendant alleged exceptions.

*C. Delano*, for the defendant. The state constables were *participes criminis*, and corroboration was necessary. 1 Greenl. Ev. § 380. *Commonwealth* v. *Downing*, 4 Gray, 29. *Commonwealth* v. *Willard*, 22 Pick. 476. *Commonwealth* v. *Harrington*, 3 Pick 26. The distinction between felony and misdemeanor as a basis of the rule of corroboration has ceased to be decisive. Gen. Sts. *c.* 168, § 1. *Simmons* v. *Simmons*, 11 Jur. 830; 5 Notes of Eccl. & Mar. Cases, 324. The state constables, as procurers of the commission of the crime charged, should be treated as joint principals within Gen. Sts. *c.* 168, § 8. The three acts of delivery on a single occasion, under a preconcerted arrangement, amount to no more than a single sale. The state constables and Wotton were joint co-contractors for all the liquor delivered, and had the traffic been legal might have been holden as joint purchasers, though the delivery was distributive. *Commonwealth* v. *Packard*, 5 Gray, 103. *Commonwealth* v. *Williams*, 6 Gray, 9.

*C. Allen*, Attorney General, for the Commonwealth, besides cases cited in the opinion of the court, cited *Rex* v. *Holden*, Russ. & Ry. 154; *Regina* v. *Stubbs*, Dearsly, 555; *Commonwealth* v. *Savory*, 10 Cush. 538; *Commonwealth* v. *Price*, 10 Gray, 472.

Bigelow, C. J. The instructions were in all respects apt and proper, and in conformity to previous decisions of this court. *Commonwealth* v. *Willard*, 22 Pick. 476. *Commonwealth* v. *Downing*, 4 Gray, 29.

No question seems to have been raised at the trial as to the elements necessary to constitute a legal sale. The presumption is that these were sufficiently stated to the jury. The real point which seems to have been made by the counsel for the defendant was, that three sales were not proved, if it appeared that the liquor was purchased by the witnesses under a preconcerted plan in pursuance of which it was called for and delivered at short intervals, although the ordinary elements constituting three distinct sales were also proved. But such an instruction could not have been properly given. The ruling of the court on this point

was responsive to the prayer submitted by the counsel for the defendant, and submitted in proper form to the jury the question of fact whether three sales had been proved by the testimony to their satisfaction. *Commonwealth* v. *Kimball*, 7 Met. 308. *Commonwealth* v. *Very*, 12 Gray, 124.

*Exceptions overruled.*