## STATE v. MONTGOMERY.

Under Const. art. 5, § 29, providing that judges of the circuit court may hold courts in other counties than their own under such regulations as may be prescribed by law, and Laws 1905, c. 84, declaring it the duty of such judges, when not otherwise officially engaged, to hold terms of court in circuits other than those to which they have been elected, on the request of or agreement with the judge of such other circuit, whether or not the said judge be absent, unable to act, or disqualified—a judge may hold the term in a circuit other than his own, on the mere oral request of the judge of such other circuit; and under such circumstances has jurisdiction to preside over the trial of a person who has filed no affidavit of prejudice against the regular judge of the circuit.

The evidence as to whether a confession was voluntary being conflicting, leaving the court in doubt, it may submit such evidence to the jury, admitting the confession in evidence, to be considered if they find it was voluntary.

An instruction that defendant's confession should not be considered if made under stress of "great fear" was based on his testimony and was therefore pertinent; he testified that he was in a state of great fear, that he was almost scared to death, at the time he made the confession.

Complaint may not be made of the use of the words "great fear" in the court's instruction stating, among other things, that his confession should not be considered if made under stress of "great fear," where it is not probable that any reasonable person could have been misled thereby, in view of the lengthy and complete instructions, on the question of the voluntary character of the confession, prepared by defendant and given at his request.

Defendant could not have been prejudiced by the part of the court's instruction, which, standing alone, put on him the burden of showing beyond a reasonable doubt that his confession was not made freely and voluntarily; the correct rule being clearly stated twice in the same instruction, once before and once after the objectionable

words, and several times in the instructions given at defendant's request.

. (Opinion filed December 3, 1910.)

Appeal from Circuit Court, Harding County. Hon. LEVI McGEE, Judge.

Louie Montgomery was convicted of arson, and appeals. Affirmed.·

*Robert C. Hayes* and *John T. Heffron,* for appellant. *S. W. Clark, Atty. Gen., C. D. Sterling, Asst. Atty. Gen.,* and *W. M. Bennett, State's Atty.,* for the State.

McCOY, J. Information .was filed charging the defendant, Louie Montgomery, with having committed the crime of arson within Butte county, in the Eighth judicial circuit, to which charge he entered the plea of not guilty. · On the trial the jury returned the verdict of guilty, and defendant was thereupon sentenced to a term in the penitentiary.

Defendant has brought the cause before this court on appeal, assigning various errors. Only three assignments of error are discussed in appellant's brief.

First. Appellant contends there was error in the case being tried before Hon. Levi McGee, judge of the circuit court of the Seventh judicial circuit, instead of before Hon. W. G. Rice, judge of the Eighth judicial circuit. It appears that one Roger Boe was also .charged with arson, and was on trial at the same term of court at which the defendant in this case was arraigned and tried; that said Boe made and filed an affidavit of prejudice against Hon. W. G. Rice, judge of the Eighth circuit, and thereupon Judge Rice requested Judge McGee of the Seventh circuit to preside at the trial of said Boe, and also orally requested Judge McGee to try all the other causes then pending for trial in said county at said term of court; that, when this defendant was called for arraignment, he objected to being arraigned before Judge McGee of the Seventh circuit instead of Judge Rice of the Eighth circuit, contending that he had made and filed no affidavit of prejudice against Judge Rice, and that Judge McGee had no jurisdiction to preside over or hear the cause of defendant. We are of the opinion that this contention of the defendant is un-

tenable. Section 29, art. 5, of the state Constitution, provides that judges of the circuit court may hold courts in other countries than their own under such regulations as may be prescribed by law. Chapter 84 of the laws of 1905 provides that it shall be the duty of the several circuit court judges of this state, when not otherwise officially engaged, to hold terms of court in circuits other than those to which they have been elected upon the request of or agreement with the judge of such other circuit, whether or not the said judge be absent, unable to act, or disqualified. There is nothing in this chapter requiring a written request or agreement or order signed by the resident judge of the circuit in order to call in a judge of some other circuit. An oral request or agreement is sufficient, and it sufficiently appears in this case that Hon. Levi McGee was requested by Hon. W. G. Rice to preside over the said term of circuit court in and for Harding county, to which this cause was transferred upon the creation of Harding from a portion of said Butte county, and at which term of court this cause was tried.

Second. On the trial the state sought to prove a confession of the defendant. The sheriff to whom such alleged confession was made was called by the state and sworn, and asked to state a conversation he had with defendant in relation to the burning of a certain barn, the subject of the arson charged. At the request of the appellant, the jury were required to retire, and testimony was produced by the defendant and by the state and heard by the court, in the absence of the jury, touching the question as to whether or not the said confession was voluntary or otherwise. The defendant and many other witnesses testified on the issue before the court. It will serve no useful purpose to set out or repeat this testimony. There was a very sharp and well-defined conflict in the testimony touching the circumstances under which said confession was made. At the conclusion of this testimony, and after argument of counsel pro and con, the court declined to pass upon the voluntary or involuntary character of said confession, and announced that he would overrule the objections to such testimony, and submit the whole matter to the jury. To

this ruling the defendant duly excepted, and now urges and contends that it was error for the court to refuse to pass on the question of the admissibility of the alleged confession, and also that the court erred in submitting the question of the voluntary or involuntary character of such confession to the jury. Defendant also objected to the introduction of such confession on the ground that the court had not passed on the question of its competency and admissibility, which objection was overruled and exception taken. The question of the sufficiency of the evidence on the issue of the voluntary or involuntary character of this confession is not raised by the assignments of error, but the contention of defendant seems to be that the court erred in not passing on the effect of this evidence himself, instead of submitting the question to the jury. We are of the opinion that the appellant's objections and contention are not well taken.

In the case of State v. Allison, 24 S. D. 622, 124 N. W. 747, this court said: "If the evidence submitted to the court should be conflicting, leaving in the mind of the court any question as to the competency of such confession, then the question of such competency should be submitted to the jury, by recalling the witnesses and examining them on this point in the presence of the jury." That is precisely what was done in this case. It may be proper for the court, instead of the jury, as most frequently is the case, to decide the question of the voluntariness of the confession, and whether or not the court or jury should pass upon any particular case would be to a large extent within the sound discretion of the trial court. In a case where the trial court deemed it proper to submit the question to the jury it would then be highly improper for the court to express an opinion on such question in the presence of the jury, but should submit the issue to the jury on proper instructions. In the case at bar there was certainly no abuse of judicial discretion in submitting the question of the voluntary character of the confession in question to the jury.

Third. On the trial the court gave the following instruction, to which the defendant excepted and now urges the same as error:

"Now, gentlemen of the jury, there has been introduced before you a purported or alleged confession of this defendant in this case. I have admitted this evidence before you for your consideration in connection with all the other evidence in the case. Notwithstanding my admission of this evidence, I have also admitted all the facts and circumstances surrounding the taking of this confession, and I instruct you, gentlemen of the jury, if you believe beyond a reasonable doubt that this confession was made without fear or threats or promises, you should take it into consideration. On the other hand, should you believe from the testimony beyond a reasonable doubt that this testimony or that confession or purported confession on the part of the defendant was not made free and voluntary, but, on the contrary, was made under stress of great fear or threats or inducements held out to the defendant, then you have the right to exclude the entire confession, and not consider it in your deliberations. On the other hand, if you believe beyond a reasonable doubt that it was given free and clear, without fear and without inducement or fear of those in authority or position to hold out inducements to the defendant or parties making threats, then you should consider that confession in connection with all the other evidence in the case. You should not put a strained construction either upon this question of free and voluntary confession. You should look upon it in a reasonable light; in the light that men consider any and all business affairs." Appellant contends that the use of the words "great fear" by the court, in giving the said instruction, render the same erroneous and prejudicial to defendant. We are of the opinion that this contention is also untenable. Very lengthy and complete instructions were prepared and requested by defendant and given to the jury on the question of the voluntary character of the confessions in question, and taking these instruction as a whole, it is not probable that any reasonable person could have been misled by the said instruction excepted to. Again, this instruction was based on defendant's testimony, and was pertinent for that reason. The defendant had testified that he was in a state of great fear, that he was almost

scared to death, at the time he made the statements constituting the alleged confessions—that he was apprehensive of mob violence. In connection with such testimony, we are of the opinion that the giving of the instruction in question was not error.

It is also contended by appellant that this instruction in question is so worded as to place the burden on him of showing beyond a reasonable doubt that the confession was not made free and voluntary. But, taking the instructions as a whole, we are of the opinion that no reasonable person would be misled by reason of the objectionable clause appearing in this instruction. That portion of this instruction, "on the other hand, should you believe from the testimony beyond a reasonable doubt that this testimony or that confession or purported confession on the part of defendant was not made free and voluntary, but on the contrary, was made under stress of great fear or threates or inducements held out to defendant, then you would have the right to exclude the entire confession, and not consider it in your deliberations," standing alone as the entire and only instruction on that point would certainly constitute reversible error, as the burden was on the state to show beyond a reasonable doubt that said confession was free and voluntary, and it was not incumbent on defendant, on the other hand, to show beyond a reasonable doubt that such confession was not freely and voluntary made. In two other clauses of this objectionable instruction, one preceding and one following, the court stated the rule properly and as casting the burden on the state to show beyond a reasonable doubt that such confession was made freely and voluntarily. In the instructions prepared by and given on request of defendant, the jury were instructed that: "In order to enable you to consider the alleged confessions of the defendant or any of them, you must be satisfied beyond a reasonable doubt that such confession was freely and voluntarily made. If you have any reasonable doubt on that subject, it is your duty not to consider such confession in arriving at your verdict." The other portions of these instructions, taken as a whole, so repeatedly, clearly, and definitely fixing the proper rule on at least three different occasions leads to the inevitable conclusion that appellant

could not have been prejudiced in the least by the erroneous clause appearing in the excepted-to instruction.

Finding no error in the record, the judgment of the circuit court is affirmed.