# Bradley v. The State.

### Violating Prohibition Law.

#### (Decided May 11, 1911.  55 South. 429.)

*Intoxicating Liquors; Wrongful Sale; Evidence.*—Where the testimony showed that a witness went to the front of the store of the defendant, found the defendant in that part of the store, put a half dollar down on the counter near where defendant was, then walked through a partition to the rear end of the store and got a bottle of whisky from a barrel just inside the partition door and left the store by a side door without seeing the defendant get the money, and without seeing or speaking to the defendant after the money was put on the counter, the evidence was sufficient to authorize a conviction of the defendant for a sale of whisky.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Harry Bradley was convicted of violating the prohibition law and he appeals.  Affirmed.

BANKHEAD & BANKHEAD, and A. F. FITE, for appellant.  No brief came to the Reporter.

ROBERT C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. There was sufficient evidence of sale to support the verdict of guilt, and the action of the court in denying the motion for new trial is not here revisable.—*Burridge v. The State,* 113 Ala. 108; *Dorsey v. The State,* 107 Ala. 157; *Fountain v. The State,* 98 Ala. 40.

[Martin v. The State.]

WALKER, P.J.—The evidence before the trial court was such as to warrant the inference of the defendant's guilt of an offense charged in the indictment. The witness John Reed testified that he went to defendant's store, laid a half dollar down on the counter up near the front, the defendant at the time being in that part of the building, then walked through a partition to the back end of the store, and got a bottle of whisky from a barrel just inside the partition door, and left the store by the side door, without seeing the defendant get the money, and without seeing or speaking to the defendant after the money was put on the counter. This testimony afforded a ground for a legitimate inference, not a mere surmise or suspicion, that the defendant got the money for the bottle of whisky. To declare that more than this is necessary to be shown to prove a violation of a statute against the sale or other disposition of intoxicants would but facilitate evasions of the law. Frequently violators of such laws take enough notice of their existence to give their transactions the semblance of something different from ordinary sales in the way of business. Such laws cannot effectually be enforced if mere appearances are permitted to hide the results actually consummated.—*Roberson v. State,* 100 Ala. 37, 14 South. 554.

Affirmed.