## STATE v. HENRY E. BRAND.[1]

January 23, 1914.

Nos. 18,526—(300).

**Illegal sale of liquor.**

Defendant was convicted of selling liquor to a public prostitute, *held:*

(1) That, to establish that the woman was a public prostitute, evidence is admissible that such is her general reputation.

(2) That the woman to whom the liquor was furnished was not an accomplice of the person selling the same.

(3) That improper remarks of the county attorney were not prejudicial error under the facts of this case.

Defendant was indicted for the crime of selling liquor to a public prostitute, tried in the district court for the county of Blue Earth

1 Reported in 145 N. W. 39.

before Pfau, J., and a jury, and convicted. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

W. A. Plymat and S. B. Wilson, for appellant.

Lyndon A. Smith, Attorney General, and John W. Schmitt, County Attorney, for respondent.

TAYLOR, C.

Defendant was convicted of selling liquor to a public prostitute. He made a motion for a new trial and appealed from the order denying this motion.

1. The prosecution was permitted to support the charge that the woman to whom the liquor was furnished was a public prostitute by testimony that such was her general reputation. Defendant insists that the admission of such evidence was error. We cannot sustain this contention. When it is necessary to establish the character of a person as to chastity or unchastity, evidence of the reputation of such person in that respect is proper. 2 Wigmore, Evidence, § 1620; 3 Enc. of Ev. 56; 16 Cyc. 1275; 5 Am. & Eng. Enc. (2d Ed.) 851, 874, 878; State v. Smith, 29 Minn. 193, 12 N. W. 524; State v. Lockerby, 50 Minn. 363, 52 N. W. 958, 36 Am. St. 656; State v. Bresland, 59 Minn. 281, 61 N. W. 450; Egan v. Gordon, 65 Minn. 505, 68 N. W. 103; State v. Hoyle, 98 Minn. 254, 107 N. W. 1130; State v. Hendricks, 15 Mont. 194, 39 Pac. 93, 48 Am. St. 666; Howard v. People, 27 Colo. 396, 61 Pac. 595; State v. Forshner, 43 N. H. 89, 80 Am. Dec. 132; Boddie v. State, 52 Ala. 395; Commonwealth v. Harris, 131 Mass. 336.

2. The evidence that the woman was furnished intoxicating liquor by defendant was ample.

Conceding that the detective made himself an accomplice by purchasing liquor for her, yet his testimony was amply corroborated. If his testimony be entirely rejected, the testimony of the woman herself as to this point was sufficient to sustain the verdict. And she was not an accomplice. State v. Baden, 37 Minn. 212, 34 N. W. 24; State v. Quinlan, 40 Minn. 55, 41 N. W. 299; State v. Pearce, 56 Minn. 226, 57 N. W. 652, 1065; State v. Sargent, 71 Minn. 28,

73 N. W. 626; State v. Durnam, 73 Minn. 150, 75 N. W. 1127; State v. Renswick, 85 Minn. 19, 88 N. W. 22.

3. In his argument to the jury, the county attorney characterized the defendant as a scoundrel and made other statements which went beyond the limits of legitimate argument. The court gave no express instruction to disregard these remarks. He stated in effe' however, that the jury were not to be governed by what couns̩ upon one side or the other asserted had or had not been proven; but were to determine the facts from the evidence presented before them, and not from the remarks of counsel. This conduct of the county attorney presents the most serious question in the case. No objection was made or exception taken, however, until after the argument had been concluded. Defendant then enumerated 12 statements of the county attorney to which he took exception, and presented an omnibus request to charge the jury to disregard the remarks to which exceptions had been taken. This request was properly refused for the reason that it was too broad. Some of the remarks were justified by the evidence, and the giving of the request would have directed the jury to exclude from consideration matter which was proper as well as matter which was improper.

In State v. Nelson, 91 Minn. 143, 97 N. W. 652, it is said: "New trials should be granted only where the substantial rights of the accused have been so violated as to make it reasonably clear that a fair trial was not had. * * * If there be no doubt of his guilt, alleged errors not affecting his substantial or constitutional rights should be brushed aside." The rule announced in this case has been affirmed repeatedly and technical errors which could not reasonably have affected the result are disregarded. State v. Crawford, 96 Minn. 95, 104 N. W. 768, 822, 1 L.R.A.(N.S.) 839; State v. Gardner, 96 Minn. 318, 104 N. W. 971, 2 L.R.A.(N.S.) 49; State v. Williams, 96 Minn. 351, 105 N. W. 265; State v. Schueller, 120 Minn. 26, 138 N. W. 937; State v. Rusk, 123 Minn. 276, 143 N. W. 782. Whether unwarranted remarks by the county attorney are prejudicial, when viewed in the light of the circumstances attending their use, must be left to some extent to the judicial discernment of the trial judge. It is said in State v. Adamson, 43 Minn. 196, 45 N. W. 152,

where language improperly reflecting upon the defendant had been used, that "we deem the refusal of the court to grant a new trial for the cause alleged to have been not an abuse of legal discretion." In State v. Nelson, 91 Minn. 143, 97 N. W. 652, the failure of the trial court to attach importance to certain improper remarks was deemed persuasive that they were not prejudicial.

In the case at bar there is no doubt as to defendant's guilt. He offered no evidence and the evidence presented by the state was ample. How the improper language could have affected the result is not apparent, and, the trial court having deemed such language not of sufficient importance to disturb the verdict, we hold that, under the facts of this case, it was not prejudicial error.

Order affirmed.