# Cooper *v.* City of Gadsden.

### Violating Municipal Ordinance.

(Decided June 11, 1914.   65 South. 715.)

1. *Appeal in Error; Harmless Error; Evidence.*—Where the prosecuting witness had stated as a fact that he laid the money down and did not know whether defendant received it or not, the defendant, charged with violating the prohibition law, was not prejudiced by the overruling of objection to the question asked the prosecuting witness as to his purpose in placing the money as he did, and such witness answered as above indicated.

2. *Intoxicating Liquors; Ordinances; Evidence.*—In a prosecution for violating municipal ordinance prohibiting the sale of liquors it was competent to show that just prior to leaving a bottle of whiskey where the prosecuting witness received it, defendant's pockets were bulging with something like the bulk of bottles, as a circumstance or part of the circumstances culminating in the sale testified to.

3. *Municipal Corporation; Ordinances; Validity.*—The failure of the municipal ordinance prohibiting the sale of whiskey to specify the kind or place of imprisonment or hard labor as a punishment for its violation is supplied by a provision of section 1216, Code 1907, and does not render the ordinance invalid.

20 CA

[Cooper v. City of Gadsden.]

4. *Same; Violation; Punishment.*—Where on a trial *de novo* in the city court on an appeal from a conviction in the recorder's court a defendant is convicted of violating an ordinance prohibiting the sale of whiskey such defendant is subject to punishment as authorized by the ordinance or by law, as provided in section 1217 and in 1218, Code 1907.

5. *Witnesses; Impeachment; Bias.*—Where one is charged with a violation of the prohibition ordinance of the city it is not competent for the purpose of showing the *animus* of the chief of police, who testified for the prosecution, to show that he locked up the defendant following his conviction before the recorder notwithstanding his father had asked time to make bond unless accompanied by proof that the chief exceeded or abused his authority or led some one to suppose that defendant would not be locked up pursuant to the sentence and while the execution of the sentence had not been superseded.

APPEAL from Gadsden City Court.

Heard before Hon. JAMES A. BILBRO.

Ross Cooper was convicted of violating a prohibition ordinance of the city of Gadsden and he appeals. Affirmed.

The evidence for the state tended to show that Turner approached the defendant and asked him about getting him a drink of whisky and the defendant replied that he did not have any, but said something about Hal Christopher and about going to Alabama City to get some whiskey and asked Turner about his horse and buggy and Turner replied that it was out hitched to the rack. This conversation took place in Gadsden and that nothing was said about any money and that the defendant did not at that time receive any money from Turner. Later on in the day or in the early part of the night defendant entered a pool room where Turner was playing pool and calling him off to one side handed him a pint of whiskey. Turner took the whiskey and put seventy-five cents down on the barrel or box and did not know whether the defendant got the money or not but knew that he, Turner, did not get it back. The other matters sufficiently appear from the opinion.

[Cooper v. City of Gadsden.]

CULLI & MARTIN, for appellant. The court erred in permitting the witness to answer the question as to his purpose in laying the money down as he did.—*Burke v. State,* 71 Ala. 277; *Smith v. State,* 145 Ala. 17; *Howard v. State,* 151 Ala. 22. The court erred in permitting it to be shown that the defendant's pockets bulged as if with the bulk of bottles.—*McCormick v. State,* 102 Ala. 160; *Whitaker v. State,* 106 Ala. 30; *Rollins v. State,* 160 Ala. 87. The ordinance was not such as to authorize the infliction of hard labor as a punishment.—Section 7, Constitution 1901. The court will not take judicial notice that there is a city ordinance providing punishment and if such an ordinance exists it must be introduced in evidence.—*Ex parte Reynolds,* 87 Ala. 138; *Ex parte Byrd,* 84 Ala. 18. The bias of a witness may always be shown and the court erred in refusing to permit the defendant to show the acts and conduct of the chief of police.—*Houston Biscuit Co. v. Dial,* 135 Ala. 168. The evidence did not authorize a conviction.—*Amos v. State,* 73 Ala. 501; *Campbell v. State,* 79 Ala. 271; *Morgan v. State,* 81 Ala. 72.

GOODHUE & BRINDLEY, for appellee. No brief reached the Reporter.

WALKER, P. J.—It is not to be doubted that the testimony offered by the prosecution tended to prove a sale of whisky by the defendant to the witness Turner, and not a mere participation by the defendant as an "assisting friend" in a purchase of whisky for Turner. —*Bradley v. State,* 1 Ala. App. 214, 55 South. 429.

The defendant was not prejudiced by the action of the court in overruling his objection to the question asked the witness Turner as to his purpose in placing the money as he did, as the witness in his answer to the

question made no statement as to his purpose, but stated as facts that he laid the money down and did not know whether the defendant got it or not.

It was permissible to prove that just prior to the leaving of the bottle of whisky where Turner got it the defendant's pockets were budging with something "like the bulk of bottles, or something like that." This circumstance was part of the occurrence which culminated in the sale testified to.

The part of the ordinance introduced in evidence, which provided for "imprisonment or hard labor not exceeding six months" as punishment for the offense created, was not rendered invalid by its failure to specify the kind or place of imprisonment or hard labor. Section 1216 of the Code makes the requisite specifications in providing for a sentence to hard labor upon the streets or public works, or in the workhouse or house of correction of the city. On the conviction of the defendant as the result of the trial de novo in the city court, to which the case was appealed, the defendant was subject to the punishment authorized by law or ordinance for the offense with which he was charged.— Code, §§ 1217, 1218.

It was not permissible, for the purpose of showing the animus of Mr. Leath, the chief of police, who was a witness for the prosecution, to prove that he locked the defendant up following his conviction before the recorder, after his father had asked time to make bond for his son. It was not proposed to be proved that the chief of police exceeded or abused his authority in that regard, or led any one to suppose that the defendant would not be locked up pursuant to the sentence imposed upon him, and while the execution of it had not been superseded.

Affirmed.