STATE, Respondent, v. STURGIS, Appellant.

(222 N. W. 681.)

(File No. 6737. Opinion filed January 5, 1929.)

*Pat Morrison,* of Mobridge, and *Burton Penfold* and *Dan Mc-Cutchen,* both of Belle Fourche, for Appellant.

*Buell F. Jones,* of Britton, and *Bernard A. Brown,* of Sioux City, Iowa, for the State.

BROWN, J. Defendant was found guilty of selling intoxicating liquor in Meade county, and from a judgment and an order denying a new trial he appeals.

 Charles A. Yeoman testified that he saw defendant in a pool hall in Faith and asked him where he could get some whisky; that defendant directed him to a culvert on a public highway in the county and he went there and in the culvert found a quart bottle full, some of which he and others drank, and they put the rest in a pint bottle. On the way from Faith to Sturgis they were arrested by a deputy sheriff, who took the bottle and examined its contents and testified that in his opinion it was moonshine whisky and intoxicating. Yeoman testified that next day he got three boxes of cigars from defendant, gave him a $20 bill, and got back $8 in change. There is nothing in the record showing at what price he purchased the three boxes of cigars, but the Attorney General in his introductory statement of the facts says that the cigars were bought at the price of $2.50 a box. This statement in argument cannot be considered, and it follows that there is no evidence in the record showing that anything was paid for the liquor. But payment of a price is not necessary to constitute a sale. To give away or furnish intoxicating liquor is to sell it (Rev. Code, § 10242), and to tell one who asks for liquor where he can find it, and following up the information, he does find it and take possession, constitutes the transaction a sale. State v. Sullivan, 97 Wash. 639, 166 P. 1123; Winter v. State, 132 Ala. 32, 31 So. 717; Hargrove v. State (Tex. Cr. App.) 76 S. W. 922; Bradley v. State, 1 Ala. App. 214, 55 So. 429.

Defendant denied any connection with the affair, and two witnesses testified that he was not in Faith on the occasion testified to by the state's witness. The credibility of the witnesses was for the jury, and the contention that the evidence is insufficient to justify the verdict cannot be sustained.

■ The purchasers of the liquor, Yeoman and Anderson, were not accomplices in making the sale, and defendant's contention that the evidence is insufficient because they were not corroborated cannot be sustained. State v. Brand, 124 Minn. 408, 145 N. W. 39; State v. Bachmeyer, 167 Minn. 520, 208 N. W. 995; State v. Wright, 152 Mo. App. 510, 133 S. W. 664; Commonwealth v. Graves, 97 Mass. 114; Harrington v. State, 36 Ala. 236; State v. Dawson, 40 Idaho, 495, 235 P. 326.

■ In one part of the instructions the court in quoting the statutory definition of intoxicating liquors omitted the words "containing alcohol" in the clause, "and every other liquid mixture or compound," and defendant contends that for this error there must be a reversal. In a succeeding part of the charge, however, the court correctly read the statutory definition, and it is well settled that the instructions must be considered as a whole (State v. Sonnenschein, 37 S. D. 585, 159 N. W. 101; State v. Montgomery, 26 S. D. 539, 128 N. W. 718), and the omission of the words, "containing alcohol," in one part of the instructions, cannot be considered prejudicial error, when in another part the words were included in a definition which was in all respects correct and sufficient. It may be further observed that defendant took no exception to any part of the charge, and therefore is in no position to assign error on the charge as given.

[9-11] In addition to fine and imprisonment, the judgment included costs in the sum of $107, and defendant contends that this was unauthorized by statute. If it were, it would not render the judgment void, but would only call for the remission of the unlawful part (In re Taylor, 7 S. D. 382, 64 N. W. 253, 45 L. R. A. 136, 58 Am. St. Rep. 843); but the imposition of the costs of the case is not unauthorized. Rev. Code, § 10292, provides that, in addition to the penalties for the violation of any provisions of the intoxicating liquor act, the costs of the prosecution shall be added to and included in every judgment, and costs include officers' and witness' fees. Rev. Code, § 2607. In his argument appellant's attorney says that the cost bill was entered without notice to defendant; but there is nothing in the record on which to base the assertion, and, as has been frequently pointed out, assertion in argument cannot take the place of statement in the record. Karlen v. Trebble, 45 S. D. 570, 189 N. W. 519; Farmers' & Merchants' Bank v. Doering (S. D.) 221 N. W. 373.

It is finally contended that the court erred in not granting a new trial on the ground of newly discovered evidence. The newly discovered evidence is set out in the affidavit of C. W. Crosby, stating that within ten days after defendant's arrest, and also on other occasions since, the witness Yeoman stated to affiant that defendant had nothing whatever to do with the liquor transaction involved in this action. There is nothing whatever in the record to show that this was newly discovered evidence. It is called newly discovered evidence by appellant's attorney in his motion for a new trial, but calling it such does not make it so, and there is nothing else in the record indicating that it is newly discovered evidence. Neither appellant nor his attorney make any affidavit or other showing in regard to the matter, and even Crosby does not state in his affidavit that appellant was not informed of this evidence before the trial.

In State v. Barnes, 26 S. D. 622, 129 N. W. 116, it is said that an affidavit on a motion for a new trial for newly discovered evidence should be made by accused personally, so that, if false, it would form the basis for a perjury charge. In that case the affidavit of accused's attorney was presented, tending to show that the evidence relied on for the motion was newly discovered, but in the present case there is neither the affidavit of defendant nor of his attorney, nor of any one else, indicating that the evidence relied on to procure a new trial was newly discovered. There is simply the statement of appellant's attorney in his recital of the grounds upon which he makes the motion for a new trial, and this is altogether insufficient to warrant this court in saying that the trial court abused its discretion in denying the motion for a new trial.

Judgment and order appealed from are affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.