# The State *v.* Pollard.

## *Action on Bond given by Hirer of Convicts.*

1. *Contract for hire of convicts.*—A contract between the warden of the penitentiary and a hirer of convicts, entered into on the 28th February, 1876, and declaring on its face that it is "to continue in force until the first day of January, 1877," is a valid contract for one year only, although it contains a further stipulation that it "may continue in force, from year to year, for a period of five years, provided the said P. [hirer] shall at all times fully comply with his part of this agreement;" and the stipulated hires being paid for the first year, the sureties on the hirer's bond are not responsible for the hires of subsequent years, during which he was allowed to retain the convicts under said contract.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

This action was brought in the name of John H. Bankhead, as warden of the Alabama penitentiary, against Charles T. Pollard and others, his sureties; was commenced on the 13th May, 1884, and was founded on a penal bond executed by the defendants, which was dated February 28th, 1876, and conditioned as follows: "*Whereas*, the above bound Charles T. Pollard has this day entered into a contract with John G. Bass, as warden of the Alabama penitentiary, for the hire of certain convicts from the Alabama penitentiary; now, if the said Charles T. Pollard shall well and truly pay the amount of hire agreed upon in said contract, and do and perform all the stipulations thereof, then these presents to be void," &c. The contract referred to, which was also dated February 28th, 1876, and signed by both Bass and Pollard, was for the hire of sixty convicts, at $5.00 per month for each, and declared on its face that it was to "continue

[The State v. Pollard.]

in force until the first day of January, 1877;" but another stipulation was in these words: "It is also agreed between the parties to these presents, that this contract, or agreement, may continue in force, from year to year, for a period of five years, provided the said Pollard shall at all times fully comply with his part of this agreement; and it is also agreed, that this contract shall be renewed, re-written and re-dated, to conform to any future laws enacted for the benefit of the penitentiary."

The complaint set out the bond, and alleged as a breach the failure of Pollard to pay the stipulated hires, $3,600, for each of the years 1876–81, both inclusive. The defendants craved oyer of the bond and contract, and pleaded specially, that the contract was only binding for the term of one year; that the hires of the first year were fully paid before the commencement of the suit; that the obligations of the bond had been fully performed, and that nothing was due. The court overruled a demurrer to this plea, and issue was then joined on it; and on the evidence adduced, showing payment of the hires for the first year, instructed the jury to find for the defendants. To this charge the plaintiff excepted, and it is here assigned as error, with the overruling of the demurrer to the plea.

Before the trial, the name of Bankhead as plaintiff was struck out on motion, and the State of Alabama substituted in his stead.

TROY & TOMPKINS, with WM. L. MARTIN, Attorney-General, for the appellant, cited 1 Chitty on Contracts, 20; Bishop on Contracts, § 87; 1 Add. Contracts, 36; *Storm v. United States*, 94 U. S. 76; *Wilks v. Geo. Pac. Railroad Co.*, 79 Ala. 180.

WATTS & SON, *contra*, cited *Comer v. Bankhead*, 70 Ala. 136.

STONE, C. J.—The contract made by Pollard, dated February 28, 1876, with Bass, warden of the penitentiary, is, in all respects material in the present investigation, identical with the one construed in *Comer v. Bankhead*, 70 Ala. 136. Pollard paid all the hires due from him, for the labor of convicts he had the services of, during the one year that contract was lawful and binding. The present suit was upon the bond he executed, with sureties, for the

faithful performance of that contract on his part, and claims a recovery for convict labor he was permitted to employ after the expiration of the first year. The complaint consists of a single, special count on the bond. The court gave the general charge in favor of the defendants. There was no error in this. Under no sound canon of interpretation can the obligors of the bond be held liable for the performance of any part of Pollard's contract which was illegal. In *Comer's Case* we held, that such contract was illegal and inoperative for any term beyond the first year; and the same rule must be applied to the contract in this case. Sureties may stand on the very letter of their contracts; and an agreement which the law does not authorize to be made, can not be the foundation of a recovery. Whether Pollard can be made to pay for the services he had the benefit of, on a complaint properly framed, is a question not raised by the present record.

Affirmed.

McCLELLAN, J., not sitting.