# Clark *v.* City of Uniontown.

### *Violating Municipal Ordinance.*

(Decided May 7, 1912.  58 South. 725.)

1. *Municipal Corporations; Ordinances; Violation; Complaint; Sufficiency.*—Where a person charged with the violation of a city ordinance goes to trial before the mayor without questioning the sufficiency of the affidavit or complaint, he cannot interpose objections thereto on a trial in the circuit court, since a proper complaint can be filed in the circuit court on appeal, under the provisions of section 1451 and 6732, Code 1907.

2. *Same; Punishment.*—Where a prosecution for violating a city ordinance was appealed from the mayor's court to the circuit court, and there tried by a jury which only imposed a fine, the court had no power to impose hard labor as additional punishment. (Section 1217, Code 1907.)

3. *Same; Construction.*—When construed in connection with sections 1213, 1221 and 1228, Code 1907, it is held that section 1218, Code 1907, applies to all prosecutions for violating ordinances, whether enacted by towns or cities, which prosecutions are removed to the circuit court by appeal, although said section expressly refers to city authorities.

4. *Same; Ordinances; Validity.*—An ordinance duly passed and published is effective, although not recorded and certified by the clerk as directed by section 1258, Code 1907.

5. *Same; Enactment; Disqualification of Members.*—The fact that one of the members of the council performed the duties of city

clerk by appointment of the council, in the absence of the clerk, under section 1199, Code 1907, did not deprive such member of the right to vote upon the passage of the ordinance.

6. *Same.*—Under section 1068, Code 1907, an ordinance becomes a law upon receiving a favorable vote of a majority of those entitled to vote on this question, if all members of the council, together with the mayor, were present.

APPEAL from Perry Circuit Court.

Heard before Hon. B. M. MILLER.

Charley Clark was convicted of violating an ordinance of the town of Uniontown, and appeals.   Reversed in part and remanded.

W. L. PITTS, JR., and W. F. HOGUE, for appellant. The ordinance was invalid because not recorded and certified to by the clerk and because the mayor was present and did not   vote.—Section 1252, Code 1907; 4 Cyc. 1075; Section 1258, Code 1907.   The court should have quashed the affidavit.—Sections 1222 and 1228,   Code 1907; 17 A. & E. Enc. of Law, 248.   The court erred in the judgment rendered.—Sections 1217, 7623 and 7627, Code 1907.   The ordinance should have been introduced. —*City of Huntsville's case,* 54 Ala. 263; 1 Dillon, sec. 423.   The court had no power to sentence for more than twenty days hard labor.—*Culpepper v. Adams,* 55 So. 325; Section 7634, Code 1907.

JOSEPH H. JAMES, for appellee.   A fact not apparent on the face of the pleading is matter for plea and not demurrer.—*Grimmett v. Henderson,* 66 Ala. 521; *Huss v. R. R. Co.,* 66 Ala. 472; *Sanders v. Wallace,* 114 Ala. 263.   There was no error in the ruling of the court as to the affidavit, as the question was not raised until after the appeal was taken to the circuit court.—*Ader-holt v. City of Anniston,* 99 Ala. 501; *Johnson v. The State,* 105 Ala. 14; *Blankshire v. The State,* 70 Ala. 10. The ordinance was effective although not recorded and

certified to by the clerk.—Section 1258, Code 1907; 36 Cyc. 448; 33 N. W. 489. The fact that a member of the counsel was designated to act as clerk on that occasion, did not render him incompetent to vote thereon.—Sections 1199 and 1258, Code 1907. Counsel discuss the other questions raised, but without further citation of authority.

WALKER, P. J.—The objections suggested by the appellant (defendant below) in the circuit court to the sufficiency of the affidavit by which the prosecution was inaugurated were not available to him in that court, as he had proceeded to trial before the mayor without raising any question as to the sufficiency of the charge made against him.—*Turner v. Town of Lineville,* 2 Ala. App. 454, 56 South. 603; Code, §§ 1451, 6723. It was permissible to file a proper complaint in the circuit court on appeal.

The statutory provisions (Code, 1258) for the recording of an ordinance and in reference to the clerk making a certificate stating the time and manner of its publication do not go to the question of its legal existence, but have reference to the manner of authenticating and proving it. An ordinance, duly passed and published, is effective, though not recorded and certified by the clerk, as directed by the statute.—*Bell v. Town of Jonesboro,* 3 Ala. App. 652, 57 South. 138. As the defendant himself, for the purpose of obtaining a ruling of the court as to the legal validity of the ordinance under which he was prosecuted, brought it to the attention of the court, and introduced evidence showing how it was undertaken to be passed, and that it was published in a newspaper of the town "as required by law," he left nothing for the court to consider in this connection, except the question as to whether the ordinance was passed in the manner required by law.

The mode of adopting an ordinance is provided for by section 1252 of the Code. Under the provision of this section, that "no ordinance or resolution intended to be of permanent operation shall be adopted by the council, unless unanimous consent of those present is given for the immediate consideration of such ordinance or reso-lution, such consent to be shown by a vote taken by yeas and nays, and the names of the members voting to be entered upon the minutes," the required unanimous consent was properly evidenced by the minutes of the council, showing the names of the four members of it who were present and voted in favor of the motion, though the mayor did not vote, as he was not entitled to vote upon such motion, except in case of a tie. Code, § 1068. Compliance with the other provision of the sec-tion, that "no ordinance or resolution intended to be of permanent operation shall become a law unless on its final passage a majority of the members elected to said council, including the mayor of cities of less than six thousand inhabitants, and in towns, shall vote in its favor," was shown by the minutes, setting out the names of the four aldermen present and voting in favor of the adoption of the ordinance; the mayor not voting. The favorable vote was by a majority of the five members elected to the council, including the mayor.

The fact that one of the members of the council was at that meeting, by its appointment, performing the du-ties of the clerk, who was absent (Code, § 1199), did not deprive him of the right to vote upon the passage of the ordinance.—*Micheal v. State ex rel. Welch et al.,* 163 Ala. 425, 50 South. 929. The statute does not require the mayor to vote on the final passage of an ordinance.

The ordinance becomes a law if, on its final passage, it receives a favorable vote of a majority of those who would be entitled to vote on the question, the members

elected to the council, with the mayor added. It was not made to appear that the ordinance was subject to any objection because of the manner of its adoption.

The suggestion is made in argument that at the time of the trial the ordinance under which the prosecution was instituted had ceased to be effective as a result of the adoption by the town of a code of ordinances which omitted the ordinance in question, and contained no provision saving pending prosecutions under it. This suggestion cannot be sustained, as the bill of exceptions does not show what the code of ordinances referred to contained, or that it omitted the ordinance in question.

The jury by their verdict found the defendant guilty and assessed against him a fine of $50. By its judgment, the court imposed, as an additional punishment for the offense, a sentence to hard labor on the streets of the town for a term of sixty days. The imposition of this additional punishment was not authorized by the law. In reference to cases appealed from the judgment of a recorder's court, the statute (Code, § 1217) provides that "the case appealed shall be tried *de novo* in such court, and the judge or jury trying such cause is authorized to impose upon the person convicted such punishment by fine or by imprisonment in the city jail or other place of confinement, or hard labor for the city, or by fine and imprisonment, as the court or jury may deem proper and is authorized by law or ordinance for such offense." This provision gives the right to fix the punishment to "the judge or jury trying such cause." This means that if the issue of guilt or innocence is passed on by the judge he determines the punishment; if by the jury, its verdict specifies all that may be imposed upon the defendant as a punishment for the offense of which he is convicted. The result is that where the case is tried by a jury, and by the verdict a fine only is

[Clark v. City of Uniontown.]

imposed, the statute does not authorize the court to impose a hard labor sentence. as an additional punishment for the offense.

Section 1218 of the Code prescribes the procedure to be followed in the case of the rendition of such a verdict as the one in the present case, and the failure of the defendant presently to pay or confess judgment for the fine and costs in the manner authorized by law. It provides that, "unless the fine and costs are presently paid or judgment confessed therefor in favor of the city by the defendant, with sureties in the same manner as provided for in conviction for violating the State laws, the said court must remand the defendant to the city authorities for punishment, and the clerk of such court must in writing notify the mayor or chief of police of the judgment of the court trying such case, and said notice shall accompany the defendant when he is delivered to the city authorities for punishment," etc. While the language quoted speaks of the remand as being made to the "city authorities," other related provisions of the statute (Code, §§ 1213, 1221, 1228) make it plain that the cases dealt with include all prosecutions for violations of municipal ordinances, whether of towns or cities, which by appeal are removed to a circuit court or court of like jurisdiction.

We find no error in the record affecting any of the proceedings of the court up to and including the rendition of the verdict of the jury and of the judgment of guilt upon such verdict. For the error above mentioned in the sentence of the defendant, the part of the judgment relating to the sentence imposed is reversed, and the cause is remanded for further proceedings in conformity to law.

Reversed in part and remanded.