(80 South. 629)

## HANNIBAL v. CITY OF MOBILE.
### (1 Div. 301.)

(Court of Appeals of Alabama. Dec. 17, 1918.)

MUNICIPAL CORPORATIONS ☞643 — VIOLATION OF ORDINANCE—PUNISHMENT.

Under Code 1907, § 1217, providing that upon trial of a cause appealed from the recorder's court the right to fix the punishment in the circuit court shall be left to the judge or jury trying such cause, the jury's verdict as to the punishment is conclusive, and the court is without authority to impose a hard labor sentence as an additional punishment.

Appeal from Circuit Court, Mobile County; Norvelle R. Leigh, Jr., Judge.

Wiley Hannibal was convicted in the recorder's court of the city of Mobile for the violation of a municipal ordinance, from which conviction he appealed to the circuit court, and was again convicted after trial by a jury which assessed his fine. In addition to the fine as assessed the court of its own motion sentenced the defendant to three months' hard labor on the streets, and the defendant appeals. Reversed as to sentence, and remanded.

---

C. W. Tompkins, of Mobile, for appellant.
R. H. Smith, of Mobile, for appellee.

BRICKEN, J.   This appeal is on the record proper, without a bill of exceptions, and the trial judge certifies that the time for filing same has expired,· and that no bill of exceptions has been presented.

There is but one error complained of, and it appears that this assignment is well taken. It relates to the unauthorized judgment of the court in affixing additional punishment, of three months' hard labor for the city, which was added by the court to the fine assessed by the jury.

The defendant was tried and convicted in the recorder's court of the city of Mobile for the violation of a municipal ordinance, from which conviction he took an appeal to the circuit court of Mobile county, and there demanded a trial by jury, which was had. The defendant was again convicted, and the jury assessed a fine against him of $50. In addition to this fine assessed by the jury, the court of its own motion sentenced the defendant to three months' hard labor on the streets of Mobile.

Under section 1217 of the Code of 1907, it is provided that the case appealed from conviction in the recorder's court to the circuit court shall be tried de novo in the circuit court, and 'the judge or jury trying such cause is authorized to impose upon the person convicted such punishment by fine or imprisonment, etc., as the court or jury may deem proper.

This provision gives the right to fix the punishment to "the judge or jury trying such cause," which means that if the defendant is tried by the judge, without the intervention of a jury, he determines the punishment; and if by a jury, its verdict as to the punishment is conclusive. Therefore, where the case is tried by a jury, as here, and by the verdict a fine only is assessed, the court is without the authority to impose a hard labor sentence as an additional punishment. Clark v. City of Uniontown, 4 Ala. App. 264, 58 South. 725.

The judgment of the court in passing sentence upon this defendant also shows a noncompliance with section 1218 of Code 1907, to which section special attention is directed in the matter of further proceedings in connection with this case.

The judgment of the court in determining the guilt of the defendant is free from error, and is therefore affirmed.

For the error above mentioned in the sentence of the defendant, the judgment so far as relates to the sentence is reversed, and the cause is remanded for further proceedings in conformity to law.

Reversed in part and remanded.