(81 South. 184)

## JACKSON v. CITY OF MOBILE.
### (1 Div. 300.)

(Court of Appeals of Alabama. Jan. 21, 1919.)

CRIMINAL LAW ⚖=1186(7)—APPEAL—ERROR IN SENTENCE ONLY—REMAND.

There being no error in the judgment of conviction, but only in the sentence, the former will be affirmed, the latter set aside and annulled, and the case remanded for proper sentence.

Appeal from Circuit Court, Mobile County; N. R. Leigh, Jr., Judge.

John H. Jackson was prosecuted by the City of Mobile. On appeal from the recorder's court he was convicted and sentenced, and he appeals. Reversed as to sentence and remanded.

C. W. Tompkins, of Mobile, for appellant. Robert H. Smith, of Mobile, for appellee.

BROWN, P. J. This is a prosecution for violation of a municipal ordinance, and originated in the recorder's court of the city of Mobile. From the judgment of the recorder, an appeal was prosecuted to the circuit court, where the defendant was accorded a trial by jury. The verdict of the jury assessed the defendant's fine at $75, and, upon failure to pay the fine and costs, he was sentenced to hard labor for the city to pay the fine and costs. The court, as additional punishment, sentenced him to six months' hard labor, and in this committed error. Hannibal v. City of Mobile, ante, p. 625, 80 So. 629; Clark v. City of Uniontown, 4 Ala. App. 264, 58 South. 725.

There being no error in the judgment of conviction, that judgment will be affirmed; but the sentence is set aside and annulled and the cause remanded to the trial court for proper sentence in accordance with the law.

Affirmed in part, and in part reversed and remanded.

---

(81 South. 184)

## BROOKS v. STATE. (4 Div. 591.)

(Court of Appeals of Alabama. Feb. 4, 1919.)

CRIMINAL LAW ⚖=995(4) — SENTENCE—PAYMENT OF COSTS.

Where accused was sentenced to hard labor for a specified term and also to a sufficient additional number of days at 75 cents a day to pay the costs, the sentence for costs was erroneous in not specifying the number of days, as required by Code 1907, § 7635.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Ezekiel Brooks, alias Zeke Brooks, was convicted of a crime and sentenced to imprisonment, and he appeals. Judgment of conviction affirmed, sentence set aside and annulled, and cause remanded for proper sentence.

Emmett S. Thigpen, Atty. Gen., for the State.

BROWN, P. J. The record and proceedings of the trial court appear to be regular in all things and free from error, up to and including the judgment of conviction. The judgment of sentence is in these words:

"It is therefore considered and adjudged by the court, and it is the judgment and sentence of the court, that the defendant, Ezekiel Brooks, alias Zeke Brooks, be and he is hereby sentenced to hard labor for Dale County for a term of 18 months, and also to a sufficient additional number of days at 75 cents a day to pay the costs of this prosecution."

This sentence is erroneous in not specifying the number of days as required by the statute. Barrentine v. State, 3 Ala. App. 188, 57 South. 1025; Code 1907, § 7635; William Duff, alias, etc., v. State, 81 South. 893.

The judgment of conviction is affirmed, the sentence is set aside and annulled, and the cause remanded to the trial court for proper sentence.

Judgment of conviction affirmed; sentence set aside and annulled; remanded for proper sentence.

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes