(82 South. 635)

**GOLDBERGER v. CITY OF MOBILE. (1 Div. 313.)**

(Court of Appeals of Alabama. April 22, 1919.)

1. MUNICIPAL CORPORATIONS ⊂⇒643—VIOLATION OF CITY ORDINANCES—IMPRISONMENT.

Where a defendant was tried in the circuit court before a jury for a violation of a city ordinance, and the jury assessed only a fine, it was error for the court to add an additional punishment of hard labor.

2. CRIMINAL LAW ⊂⇒1186(7) —DISPOSITION OF APPEAL—ERRONEOUS SENTENCE.

On appeal from a conviction for a violation of a city ordinance, in which the court erred in adding an additional punishment of hard labor, the jury having only assessed a fine, only the part of the judgment relating to the sentence will be reversed, and the conviction will be sustained, where there is no error in the record affecting any proceedings up to and including the rendition of the verdict and the judgment of guilt on the verdict.

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

17 ALA.APP.—10

Appeal from Circuit Court, Mobile County; Norville R. Leigh, Jr., Judge.

B. Goldberger was convicted of a violation of a city ordinance of the city of Mobile prohibiting the sale of liquors, and he appeals. Reversed in part and remanded.

Inge & Kilborn, of Mobile, for appellant.
James E. Duggan, of Mobile, for appellee.

SAMFORD, J. [1] The prosecution in this case was begun before the recorder of the city of Mobile, and charged a violation of an ordinance of the city prohibiting the sale of liquors. In the recorder's court the defendant was fined $100, and from that judgment he appealed to the circuit court. The defendant was tried in the circuit court of Mobile, before a jury, on a complaint filed by the city, was convicted, and the jury assessed a fine against him of $50. The court added an additional punishment of hard labor for a term of 90 days. This was error. Clark v. City of Uniontown, 4 Ala. App. 264, 58 South. 725; Hannibal v. City of Mobile, 80 South. 629;[1] Jackson v. City of Mobile, 16 Ala. App. 664, 81 South. 184.

[2] We find no error in the record affecting any proceedings of the court up to and including the rendition of the verdict of the jury and the judgment of guilt upon such verdict. For the error above mentioned in the sentence of the defendant, the part of the judgment relating to the sentence is reversed, and the cause is remanded, for further proceedings in conformity to law.

Judgment of conviction is affirmed.

Reversed in part and remanded.