(82 South. 110)
THOMAS v. CITY OF MOBILE.   (1 Div. 90.)

(Supreme Court of Alabama.   April 24, 1919. Rehearing Denied May 22, 1919.)

MUNICIPAL CORPORATIONS ⬅643 — VIOLATION OF ORDINANCE — PUNISHMENT — CONSTRUCTION OF STATUTE—"JUDGE OR JURY."

Under Code 1907, § 1217, providing that, upon appeal to circuit court from recorder's court, the "judge or jury" may impose such punishment as is authorized by the ordinance for the offense of which defendant was convicted in recorder's court, where jury, on appeal from conviction of violating ordinance imposing punishment of fine, and giving trial judge, in his discretion, right to add imprisonment term, imposed fine only, court had right to add imprisonment sentence; the words "judge or jury" not limiting operation of ordinance, and having reference merely to whether trial is by court alone, or by court with jury.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Robert Thomas was convicted of violating an ordinance prohibiting traffic in forbidden liquors, and he appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6.   Affirmed.

Bart B. Chamberlain and R. E. Cunningham, both of Mobile, for appellant.
Robert H. Smith, of Mobile, for appellee.

McCLELLAN, J.   The appellant, being first convicted in 'the recorder's court of violating an ordinance of the city of Mobile prohibiting the traffic, etc., in forbidden liquors, took an appeal to the circuit court, where the jury found him guilty and assessed a fine of $50. On sentence, the court imposed upon him an additional penalty of 90 days at hard labor for the city. This appeal brings into question the authority of the court to impose the additional penalty, where, as here, the jury imposed a fine only.

Section 24 (amended) of the ordinance provides:

"That any person, firm, association or corporation violating any provision of this ordinance shall, upon conviction, be fined not less than fifty dollars, nor more than one hundred dollars, *and to which may be added in the discretion of the judge of the court trying the case,* confinement in the city prison or to hard labor for the city for a period of not exceeding six months."   (Italics supplied.)

It is provided in Code, § 1217:

"The case appealed shall be tried de novo in such court, and the judge or jury trying such cause is authorized to impose upon the person convicted such punishment by fine or by imprisonment in the city jail, or other place of confinement, or hard labor for the city, or by fine and imprisonment, as the court or jury may deem proper and is authorized by law or ordinance for such offenses."

As appears from the quotation ante, this ordinance authorized the judge trying the case to add a term (not exceeding six months) at hard labor. The last sentence in the quotation (ante) from Code, § 1217, invests the court to which the appeal is taken with the ordinance authority to impose the added penalty, by providing that the punishment authorized by the "ordinance for such offenses" might be imposed. The terms "judge" and "jury" in that statute were not intended to limit the operation of ordinances like this one, with the effect of *only authorizing the penalties it prescribes* and the added penalty of the ordinance to be imposed by the judge *or* the jury, respectively, alone.   The employment of these terms was with a view to including in the rule of the statute trials of both kinds, those

by the court or judge without a jury *and* those where a jury trial was had. Any other construction of the statute (section 1217) would accord it an effect to emasculate on appeal the provisions of the ordinance, which, in its last expression, the statute affirmatively establishes as the measure of the judicial authority in that regard.

The ordinance considered by the Court of Appeals in Clark v. Uniontown, 4 Ala. App. 264, 58 South. 725—according to the record which has been consulted—only provided for a fine, described, and that the defendant might also "be imprisoned or sentenced to hard labor for not more than six months, one or both, at the discretion of the mayor or acting mayor." The Mobile ordinance is, as appears, to a more comprehensive effect, vesting the authority to impose the added penalty in any judge trying the case. Nevertheless, our view of the proper construction of the pertinent provision of Code, § 1217, is not in accord with that prevailing with the Court of Appeals in the cited case. The court was authorized by the ordinance and the statute to add the penalty it imposed in this instance.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.