(92 South. 26)

### LINDSEY v. TOWN OF ALBERTVILLE.
### (8 Div. 803.)

(Court of Appeals of Alabama. Nov. 15, 1921.)

1. **Municipal corporations ☞642(1)—Objection to affidavit charging violation of town laws cannot be made for the first time by motion in the circuit court on appeal from the mayor's court.**

In prosecution for violating the prohibition laws of a town, a defendant could not complain that the affidavit was defective for the first time by motion in the circuit court on appeal from the mayor's court; such objection being made too late.

2. **Municipal corporations ☞637—Testimony as to name by which defendant was generally known held inadmissible on plea in abatement setting up his Christian name.**

Where affidavit charging defendant with violation of the prohibition laws of a town, and complaint charging such offense on appeal in the circuit court from the mayor's court charged the defendant as "A. O. L——," and the complaint alleged that his Christian name was not otherwise known, and where the municipality joined issue on plea in abatement setting up that defendant's Christian name was not "A. O.," as shown therein, that such letters were his initials only, and that his Christion name was "Allen," without replying thereto in any manner, or interposing any demurrer, the admission of evidence that defendant was commonly known as A. O. L——, that he was called Dr. L——, and that he signed his check A. O. L——, *held* error, since the only issue tendered by the pleading was whether or not his Christian name was "Allen."

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

A. O. Lindsey was convicted of violating an ordinance of the Town of Albertville, and he appealed. Reversed and remanded.

Street & Bradford, of Guntersville, for appellant.

Counsel insists that "Beef, Iron & Wine" was not an intoxicating bitters or beverage. Acts 1915, p. 9. Counsel discuss other assignments of error, but without further citation of authority.

Orr & Killcrease, of Albertville, for appellee.

The motion to strike the affidavit and complaint came too late. 4 Ala. App. 264, 58 South. 725. The court heard the evidence as to the plea in abatement and the other facts, and its holding will not be disturbed. 162 Ala. 102, 49 South. 1028; 70 Ala. 443; 4 Ala. App. 434, 58 South. 807.

BRICKEN, P. J. Upon an affidavit charging appellant with "violating the prohibition laws of the town of Albertville, selling intoxicating bitters or beverages," he was convicted in the mayor's court and appealed to the circuit court. On the trial in the circuit court, counsel for the municipality filed a complaint charging the appellant with the violation of section 3 of Ordinance No. 12 of the town of Albertville, setting out said section in full in the complaint. The defendant did not question the sufficiency of the complaint, but made a motion (for the first time) in the circuit court to strike the original affidavit, because charging no offense and being insufficient to support a prosecution or a conviction.

[1] The affidavit was not void, and, for the purpose of this case only, conceding that it was defective, and that the motion was the proper method of raising that question, the motion came too late. Clark v. Town of Uniontown, 4 Ala. App. 264, 58 South. 725; Aderbold v. City of Anniston, 99 Ala. 521, 12 South. 472. Both the affidavit and complaint charged the defendant as "A. O. Lindsey." The complaint contained the allegation that his Christian name was not other-

wise known. The defendant filed a plea in abatement, setting up that the defendant's Christian name is not "A. O." as shown therein, but said letters are his initials only; and that his Christian name is Allen. Without replying thereto in any manner, or interposing any demurrer, the municipality joined issue on the plea.

[2] In this state of the pleadings the defendant complains that the court erred in admitting evidence, over his objection, showing that the defendant was commonly known and called "A. O. Lindsey," that he was called "Dr. Lindsey," and that he signed his check "A. O. Lindsey." We think this contention is correct, and that the only issue tendered by the pleading was whether or not his Christian name was "Allen," a fact which was proven without dispute.

Other questions are argued in brief by counsel for appellant (without citation of authorities); but, as the case must be reversed for the error pointed out, there appears no necessity to discuss these questions.

The judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.