(101 South. 524)

### Ex parte Priestly TRIMBLE.

### Priestly TRIMBLE v. TOWN OF HALEYVILLE.

#### (6 Div. 178.)

(Supreme Court of Alabama. June 12, 1924. Rehearing Denied Oct. 16, 1924.)

Certiorari to Court of Appeals.

Priestly Trimble was convicted of an offense, and appealed to the Court of Appeals, and, his conviction being there affirmed, he brings this petition for certiorari to the Court of Appeals to review and revise the judgment and decision rendered by that court in the case of Trimble v. Town of Haleyville, 101 So. 523. Writ denied.

The petition shows that petitioner was tried and convicted in the mayor's court of the town

of Haleyville, under an ordinance set out in the report of the appeal in the case of Trimble v. State, 101 So. 523; that he appealed to the circuit court, where he was tried and convicted by the judge without a jury; the judgment of the circuit court being .in part as follows: "It is ordered and adjudged by the court that the defendant is guilty as charged in the complaint. And thereupon the court imposed a fine of $100. together with the costs of this. case, for which let execution issue. It is the further order and judgment of the court that the defendant * * * be and is hereby sentenced to a term of 60 days in the county jail as an additional punishment for said offense."

It is insisted by the petitioner that the provision of the ordinance for imprisonment or hard labor at the discretion of the court is void, and that the Court of Appeals erred in holding that the ordinance was valid.

Curtis, Pennington & Pou, of Jasper, for petitioner.

Under the ordinance, a jury could not add imprisonment or hard labor as an additional punishment, and the power cannot be vested in the judge. Clark v. Uniontown, 4 Ala. App. 264, 58 So. 725; Jackson v. Mobile, 16 Ala. App. 664, 81 So. 184; Hannibal v. Mobile, 16 Ala. App. 625, 80 So. 629; Goldberger v. Mobile, 17 Ala. App. 145, 82 So. 635.

Chester Tubb, of Haleyville, opposed.

The question raised has been decided adversely to petitioner in Thomas v. Mobile, 203 Ala. 96, 82 So. 110.

THOMAS, J. Writ denied.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

On Rehearing.

THOMAS, J. The trial was de novo in the circuit court. Wright v City of Bessemer, 209 Ala. 374, 96 So. 316. The certiorari is ruled by Thomas v. City of Mobile, 203 Ala. 96, 82 So. 110. The latter authority from this court differentiates, or is at variance with, the construction given the statute and general ordinances in question (Code 1907, § 1217) in Goldberger v. City of Mobile, 17 Ala. App. 145, 82 So. 635; Jackson v. City of Mobile, 16 Ala. App. 664, 81 So. 184; Hannibal v. City of Mobile, 16 Ala. App. 625, 80 So. 629; Clark v. City of Uniontown, 4 Ala. App. 264, 58 So. 725. The foregoing authorities by the Court of Appeals appear not to have been approved by this court.

The cases of Feagin v. City of Andalusia, 12 Ala. App. 611, 67 So. 630, and Cooper v. City of Gadsden, 10 Ala. App. 609, 65 So. 715, bear analogy to the decision in Thomas v. City of Mobile, 203 Ala. 96, 82 So. 110.

The writ was properly denied, and the application for rehearing is overruled.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.