### GUIN v. CITY OF TUSCALOOSA.
### (6 Div. 688.)

(Court of Appeals of Alabama. June 9, 1925. Rehearing Denied June 30, 1925.)

1. Municipal corporations ⬡➡643—Court may add additional punishment for violation of ordinance, though jury assessed only fine.

Where defendant, being first convicted in recorder's court of violating a city ordinance, took an appeal to circuit court, where jury found him guilty and assessed punishment of fine, it was within province of judge trying case to add additional punishment of 6 months at hard labor for the city.

2. Criminal law ⬡➡304(12)—Neither circuit court nor Court of Appeals can take judicial notice of ordinance fixing rate at which fine and costs assessed against defendant may be worked out.

In prosecution for violation of a city ordinance, neither circuit court in which case was tried nor Court of Appeals can take judicial notice of any ordinance of such city, providing 40 cents per day or any other amount as rate at which fine and costs assessed against defendant, and not presently paid, or confessed with surety, should be worked out.

3. Municipal corporations ⬡➡643—Court, on appeal from conviction, under ordinance held authorized to impose hard labor to work out fine assessed by jury.

Where, jury, on appeal to circuit court from conviction in recorder's court for violating city ordinance, assessed defendant's punishment at a fine, circuit court *held* authorized to impose hard labor for city in which to work out fine and costs, at rate of 40 cents per day, in view of Code 1923, § 1937, under which case was triable de novo in circuit court and authority of recorder's court under section 1936, to require defendant to work out fine and costs under direction of city authorities, vesting in judge trying case on appeal, so long as rate fixed by him to work out such fine and costs was not unreasonable.

Bricken, P. J., dissenting.

Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge.

Prosecution by the City of Tuscaloosa against Murry Guin for violation of a city

---

ordinance. From a judgment of conviction, defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Guin, 213 Ala. 685, 106 So. 67.

William J. Foster, of Tuscaloosa, for appellant.

The courts will not take judicial cognizance of a municipal ordinance. To have advantage of an ordinance, it must be introduced in evidence. Exelsior Steam Laundry v. Lomax, 166 Ala. 612, 52 So. 347; Case v. Mobile, 30 Ala. 538; Furhman v. Huntsville, 54 Ala. 263; Nor. Birmingham R. Co. v. Calderwood, 89 Ala. 247, 7 So. 360, 18 Am. St. Rep. 105; Benjamin v. City of Montgomery. 16 Ala. App. 653, 81 So. 145; Cabaniss v. Tuscaloosa, 20 Ala. App. 543, 104 So. 46. On appeal from recorder's court, the circuit court has no authority to sentence defendant to hard labor, in the absence of an ordinance so providing, and fixing the rate to be paid for such labor. Code 1907, §§ 1216, 1218; Ex parte Adams, 170 Ala. 105, 54 So. 501; Dowling v. Troy, 1 Ala. App. 508, 56 So. 116; Cabaniss v. Tuscaloosa, supra. The jury alone is authorized to impose punishment by fine or imprisonment in such case. Clark v. Uniontown, 4 Ala. App. 264, 58 So. 725; Hannibal v. Mobile, 16 Ala. App. 625, 80 So. 629; Goldberger v. Mobile, 17 Ala. App. 145, 82 So. 635.

S. H. Sprott and J. M. Ward, both of Tuscaloosa, for appellee.

On appeal from recorder's court, the circuit court has authority to sentence defendant to hard labor, to pay fine and costs, and to fix additional punishment. Code 1923, §§ 1936, 2307; Herrington v. State, 87 Ala. 1, 5 So. 831; State v. Pollard, 89 Ala. 179, 7 So. 765; Caldwell v. State, 55 Ala. 133; Evans v. State, 109 Ala. 11, 19 So. 535; Cooper v. Gadsden, 10 Ala. App. 609, 65 So. 715; Thomas v. Mobile, 203 Ala. 96, 82 So. 110.

RICE, J. [1] The appellant, being first convicted in the recorder's court of violating an ordinance of the city of Tuscaloosa prohibiting the traffic, etc., in forbidden liquors, took an appeal to the circuit court, where the jury found him guilty and assessed a fine of $75. On sentence, the court imposed upon him an additional penalty of 6 months at hard labor for the city. This appeal, in addition to presenting other matters that we will later advert to, brings into question the authority of the court to impose the additional penalty, where, as here, the jury imposed a fine only. In order to get this question behind us, and proceed to another of considerably more difficulty, we may say here that it would seem that the decision of the Supreme Court of our state in Thomas v. City of Mobile, 203 Ala. 96, 82 So. 110, is conclusive in this particular inquiry. The ordinance under consideration in that case is not distinguishable in the pertinent provisions from the ordinance under which this appellant was convicted, and under the authority of that case we hold that it was within the province of the judge trying this case in the court below to add the additional punishment of 6 months at hard labor for the city, and appellant can take nothing on this appeal from his assignment of error No. 3. For the guidance of others, it is just as well to say that, since the decision in the Thomas v. City of Mobile Case, supra, the holdings as to the right of the judge trying cases of this kind to impose additional hard labor as punishment, within the limits prescribed, laid down in Clark v. Town of Uniontown, 4 Ala. App. 264, 58 So. 725, Hannibal v. City of Mobile, 16 Ala. App. 625, 80 So. 629, Goldberger v. City of Mobile, 17 Ala. App. 145, 82 So. 635, and any other of our cases holding to a like effect, are overruled.

The ordinance introduced in evidence under which he was tried, the complaint, trial, and conviction of the appellant in the circuit court, were in our opinion in all things regular. In fact they are not seriously questioned on this appeal. The few exceptions reserved to the admission or rejection of evidence have each been examined, and are patently without merit. No insistence is made that there was error in the refusal of any written charge requested by appellant, as indeed there was none. The entire proceedings up to and through the judgment of conviction pronounced against the appellant were free from prejudicial error, and are here affirmed. We have seen above that the trial court was acting within his rights in sentencing the appellant to serve at hard labor for the city of Tuscaloosa for a period of 6 months, as punishment, additional to that assessed by the jury trying the case, and this action of the trial court is here affirmed.

The principal question remaining is as to the propriety of the trial court's action in sentencing the appellant (defendant) to a term at hard labor for the city of Tuscaloosa sufficient in which (fixing it) to work out the amount of fine and costs assessed against him in favor of said city at the rate of 40 cents per day. Appellant vigorously insists that there is no authority of law (no ordinance of said city providing any rate per day at which said fine and costs should be worked out, having been introduced in evidence upon the trial of the case) for such sentence. We will now consider briefly this proposition.

[2] It is true neither the circuit court, in which this case was tried, nor this court, can take judicial notice of any ordinance of the city of Tuscaloosa, providing 40 cents per day or any other amount as the rate at which any fine and costs assessed against appellant, and not presently paid, or confessed with surety, should be worked out, if, indeed, there was any such ordinance. Excelsior

Steam Laundry Co. v. Lomax, 166 Ala. 612, 52 So. 347. From the record before us, we cannot even know that there was such an ordinance, and the propriety of the sentence here brought in question must be considered without reference to *any* ordinance of said city. In other words, did the trial court, in the absence of ordinance, have the right to sentence the appellant (defendant) to a term at hard labor for said city sufficient in which to work out the fine and costs assessed against him in favor of said city at the rate of 40 cents per day?

Section 1936, Code 1923, provides:

"The recorder trying any person for violation of any by-law or ordinance of the city shall, upon conviction of such person, have the power to fine and imprison him and to sentence him to hard labor upon the streets or public works, or in the workhouse or house of correction of the city; and, in the event the fine and costs. are not presently paid, to require the offender or person thus in default to work out the fine and costs under the direction of the city authorities, allowing not exceeding one dollar for each day's service. * * * "

Section 1937, Code 1923, provides that, on appeal from the recorder's court to the circuit court—

" * * * the case appealed shall be tried de novo in such court, and the judge or jury trying such cause is authorized to impose upon the person convicted such punishment by fine, or imprisonment in the city jail, or other place of confinement, or hard labor for the city, or by fine and imprisonment, as the court or jury may deem proper and is authorized by law or ordinance for such offenses. * * * "

[3] It is apparent, from a reading of the two sections of the Code of 1923 above quoted from, that the provision in section 1937 that the judge or jury on appeal "is authorized to impose upon the person convicted such punishment by fine," etc., "as the court or jury may deem proper and is authorized by law or ordinance for such offenses," has reference to the punishment proper, disassociated from any idea of costs, or the manner in which the fine and costs shall be collected. In other words, the ordinance referred to therein is the ordinance defining the offense and prescribing the punishment, by way of fine or imprisonment or both, which ordinance was in the instant case duly introduced in evidence. At to how the fine and costs imposed were to be collected, in the event of a failure to presently pay same in cash, we are left without statutory provision other than the stipulation that "the case appealed shall be tried de novo" in the circuit court. This can only mean that the said court assumes control of the case afresh or anew with all the powers, privileges, duties, responsibilities, and authority that was vested by law in the recorder while the case was pending in said recorder's court. We have

seen above that the recorder was vested with the right to "require the offender or person thus in default to work out the fine and costs under the direction of the city authorities, allowing not exceeding one dollar for each day's service." This authority, on appeal, vested in the judge trying the case, and, so long as the amount allowed by him as the rate per day at which appellant (defendant) could work out said fine and costs, was not unreasonable (and no contention is here made that it was so) and did not exceed $1 per day, his action in sentencing the said defendant for their payment cannot be said to be erroneous.

We do not read the case of Ex parte Hill Adams, 170 Ala. 105, 54 So. 501, to be contrary to the above holding. Perhaps the city would be within its rights in passing an ordinance prescribing the rate per day to be allowed for the working out of fines and costs, though we do not decide that it would, but certainly, in the absence of such an ordinance, the circuit court on appeal would be left free to fix the rate per day, within the limits prescribed for recorders, as shown above, so long as the rate fixed was not unreasonable. It may as well be said that the rate shown to have been fixed in the instant case by the trial judge is not subject to the objection that it is in any way unreasonable.

Precedent for our views above is not lacking in the decisions of our Supreme Court. In the case of Herrington v. State, 87 Ala. 1, 5 So. 831, section 4731 of the Code of 1876, and section 4504 of the Code of 1886, which will be found to be almost identical with section 1936 of the Code of 1923, except that the sections in the older Codes had reference to costs in state cases, whereas section 1936, supra, has reference to costs in prosecutions by the city for a violation of its ordinances, were clearly held to give to the trial judge the discretion to fix the rate per day at which fines and costs could be worked out. True, this has now been changed by statute (Code 1923, § 5291), but the costs, in prosecutions by the city for infractions of its ordinances, are yet subject to collection by hard labor imposed by the court trying the case, allowing the defaulter (defendant) in its discretion any reasonable rate which it must fix, not to exceed $1 per day. Of interest in this connection are cases, also, of Ex parte State, In re Pierce, 89 Ala. 179, 8 So. 74; Caldwell v. State, 55 Ala. 133; Evans v. State, 109 Ala. 11, 19 So. 535; and Cooper v. City of Gadsden, 10 Ala. App. 609, 65 So. 715.

We have examined each of the assignments of error based on exceptions to portions of the argument of the city attorney to the jury trying the case, but we find no merit in any of them. Cross v. State, 68 Ala. 476.

The perhaps provokingly (to the appellant) eloquent points made by the said attorney in the course of his remarks, to which excep-

tions were reserved, did, none of them, in our opinion, transcend the rules of legitimate discussion of the evidence, as laid down in the case just cited.

Finding no prejudicial error in the record, the judgment appealed from must be affirmed.

Affirmed.

BRICKEN, P. J. (dissenting). It affirmatively appears from the judgment entry in the circuit court, from which judgment this appeal is taken, that, upon the failure of appellant to pay the fine assessed against him, and the costs incident to the trial, the court sentenced him to perform hard labor for the city of Tuscaloosa, for a period of 187 days, at the rate of 40 cent per day, to pay the fine of $75, as provided by the ordinance of said city, and for 87 days' additional to satisfy the costs due said city.

No ordinance of the city of Tuscaloosa, authorizing the imposition of hard labor to satisfy the fine and costs at the rate of 40 cents a day, was introduced in evidence upon the trial of this cause in the circuit court. It is self-evident, therefore, that the trial court took judicial cognizance of a municipal ordinance, and this the court is without the authority to do. For a party to obtain the advantage of a municipal ordinance, such ordinance must be in evidence before the court. Excelsior Steam Laundry Co. v. Lomax, 166 Ala. 612, 52 So. 347; Case v. Mobile, 30 Ala. 538; Furham v. Huntsville, 54 Ala. 263; N. Bham. Ry. Co. v. Calderwood, 89 Ala. 247, 7 So. 360, 18 Am. St. Rep. 105; Benjamin v. City of Montgomery, 16 Ala. App. 653, 81 So. 145; Cabaniss v. City of Tuscaloosa, 20 Ala. App. 543, 104 So. 46.

I do not accord to many of the expressions and conclusions reached in the majority opinion, but, as this question must of necessity work a reversal of the judgment appealed from, I shall not write to these questions which to my mind are wholly unsound.