(106 So. 393)

**O'FLYNN v. CITY OF SELMA.   (2 Div. 337.)**

(Court of Appeals of Alabama.   Nov. 24, 1925.)

1. **Municipal corporations** ⬅️643—**Ninety-day penalty, imposed by court after jury's finding of guilt and assessing fine, not error.**

Where accused had been convicted in recorder's court of violating city ordinance and appealed to circuit court, where jury found him guilty and assessed a fine, sentence imposing additional penalty of 90 days at hard labor for the city *held* not error.

2. **Witnesses** ⬅️270(2)—**Exclusion of cross-examination as to prior efforts in locating liquor not error.**

In prosecution for violation of city ordinance prohibiting traffic in forbidden liquors, cross-examination by counsel for accused as to whether accused had assisted witness at any prior time in locating liquor *held* properly excluded as irrelevant.

Appeal from Circuit Court, Dallas County; S. F. Hobbs, Judge.

Prosecution by the City of Selma against Timothy O'Flynn, for violation of a city ordinance. From a judgment of conviction, defendant appeals. Affirmed.

Pettus, Fuller & Lapsley and Winston E. Brown, all of Selma, for appellant.

The additional hard labor sentence imposed by the court was unauthorized and void. Code 1923, § 1937; Clark v. Uniontown, 4 Ala. App. 264, 58 So. 725; Hannibal v. Mobile, 16 Ala. App. 625, 80 So. 629; Hall v. Birmingham, 20 Ala. App. 437, 102 So. 732. Defendant was due the affirmative charge. Allen v. State, ante, p. 23, 104 So. 867.

Leo Leva, of Selma, for appellee.

It was within the power of the court to impose an additional sentence upon the defendant. Code 1923, § 1937; Thomas v. Mobile, 203 Ala. 96, 82 So. 110. The evidence was sufficient to carry the case to the jury. Strickland v. State, 20 Ala. App. 600, 104 So. 351; Cabaniss v. Tuscaloosa, 20 Ala. App. 543, 104 So. 46; Williams v. State, 18 Ala. App. 286, 92 So. 28.

RICE, J.  [1] The appellant being first convicted in the recorder's court of violating an ordinance of the city of Selma, prohibiting the traffic, etc., in forbidden liquors, took an appeal to the circuit court, where the jury found him guilty and assessed a fine. On sentence, the court imposed upon him an additional penalty of 90 days at hard labor for the city. This action was free from error. Murray Guin v. City of Tuscaloosa, ante, p. 61, 106 So. 64.

[2] The court neither committed error nor abused its discretion in such matters, in sustaining the state's objection to the question by defendant's counsel during his cross-examination of the witness Moore, "Prior to that time, Mr. Moore, had Mr. O'Flynn assisted you at any time in locating liquor?" It would not have made any difference whether he had or not. The matter called for was clearly irrelevant to any issue being tried.

The exceptions reserved to portions of the trial court's oral charge are clearly without merit. Considered as a whole, as we must consider it, the said oral charge was thoroughly fair to defendant. The issues in the case, or rather the issue, was clearly and correctly defined, and in a manner as favorable to defendant as he had the right to ask. The case is clearly distinguishable on both facts and principle from that of Allen v. State (Ala. App.) 104 So. 867.[1] In the instant case the defendant's own testimony, when taken in connection with the other testimony, we think sufficient to carry the question of his guilty connection with the liquor involved to the jury. The general affirmative charge requested by appellant was properly refused.

The defendant appears to have had a fair trial, and, finding nowhere any prejudicial error, the judgment is affirmed.

Affirmed.

