(108 So. 79)

**HARRIS v. CITY OF TUSCALOOSA.**
(6 Div. 681.)

(Court of Appeals of Alabama.   March 16, 1926. Rehearing Denied April 6, 1926.)

**I. Intoxicating liquors ⬤⇒242.**

Court may impose sentence of hard labor on defendant on conviction for violation of city ordinance prohibiting sale of intoxicating liquor.

**2. Criminal law ⬤⇒1120(8)—Overruling objection to question propounded to prosecuting witness and defendant's motion to exclude answer held not shown to be error, in absence of showing of materiality of testimony.**

Where prosecuting witness testified that T. was in room with defendant when sale of liquor

was made by him, and defendant thereafter testified that such person brought whisky up to defendant's room, that court overruled defendant's objection to question to prosecuting witness, "Where is T. now?" and overruled defendant's motion to exclude the answer "I don't know," *held* not shown to be error, in absence of showing of materiality of testimony.

**3. Criminal law ⊂⇒742(3).**

Credibility of testimony of detectives, paid informers, and blackmailers rests with jury and not with court.

Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge.

Prosecution by the City of Tuscaloosa against John Harris for violation of a city ordinance by selling, or having for sale, etc., prohibited liquor. From a judgment of conviction, defendant appeals. Affirmed.

Assignments of error 5 and 6 relate to the action of the court in imposing sentence of hard labor upon defendant.

The prosecuting witness testified that one Taylor was in the room with defendant when the sale of whisky was made by Harris. The defendant thereafter testified that Taylor brought the whisky up to defendant's room. The prosecuting witness, being recalled in rebuttal, was asked the question and gave the the answer made the basis of assignments 2, 3, and 4.

Wright & Clark, of Tuscaloosa, for appellant.

Testimony of paid informers should be scrutinized with caution, and such testimony, uncorroborated, is insufficient to warrant a conviction. 33 C. J. 751. Evidence tending to show the cause for failure to produce a material witness is incompetent and prejudicial to defendant. Jackson v. State, 69 So. 130, 193 Ala. 36; Forman v. State, 67 So. 583, 190 Ala. 22. The trial judge is without authority to impose additional punishment at hard labor on appeal from the recorder's court, where a jury has been demanded. Code 1923, § 1937; Guin v. Tuscaloosa, 106 So. 64, ante, p. 61; Hannibal v. Mobile, 80 So. 629, 16 Ala. App. 625.

S. H. Sprott, of Tuscaloosa, for appellee.

The affirmative charge was properly refused. Lee v. State, 93 So. 59, 18 Ala. App. 566; Anderson v. State, 93 So. 279, 18 Ala. App. 585. The credibility of a witness is matter for the jury Hood v. State, 92 So. 30, 18 Ala. App. 287; Martin v. State, 92 So. 37, 18 Ala. App. 303. If there was error as to assignments 2, 3, and 4, it was without injury. Smith v. State, 97 So. 157, 19 Ala. App. 325; Locklear v. State, 87 So. 708, 17 Ala. App. 597. The circuit judge has authority to impose additional sentence to hard labor, and to sentence to hard labor to satisfy fine and costs. Thomas v. Mobile, 82 So. 110, 203 Ala. 96; Guin v. Tuscaloosa, 106 So. 64, ante, p. 61; Id., 106 So. 67, 213 Ala. 685.

SAMFORD, J. [1] Questions presented by assignments of error 5 and 6 have already been determined adversely to appellant's contention, and we are not convinced that those cases should be overruled. Thomas v. City of Mobile, 82 So. 110. 203 Ala. 96; Guin v. City of Tuscaloosa (Ala. App.) 106 So. 64, ante, p. 61.

[2] The second, third, and fourth assignments of error are based upon the rulings of the court in overruling defendant's objection to a question propounded to the city's only witness: "Where is Mr. Taylor now?" and in overruling defendant's motion to exclude the answer, "I don't know." Much argument is predicated on these two rulings, but we are unable to see how a reversal of this case could be grounded on the statement of a witness that he did not know where a party was. The question called for immaterial testimony, and the answer was immaterial, but how the answer could affect defendant's case is more than we can see.

Assignment of error 1 is based upon the refusal of the court to give at the request of the defendant the general charge.

[3] We might agree with defendant's contention that the testimony of detectives, paid informers, and blackmailers should be closely scrutinized, and that such testimony is to be taken with great care and caution; yet its credibility rests with the jury and not with the court. The fact that the city's witness was a hired spotter was in evidence as an impeaching circumstance, but the jury saw him, observed his demeanor, heard him testify, and weighed what he had to say. The court very properly refused the charge as requested.

The judgment is affirmed.

Affirmed.