(108 So. 768)

## HARRIS v. CITY OF TUSCALOOSA.
### (6 Div. 682.)

(Court of Appeals of Alabama. May 11, 1926.)

1. **Municipal corporations &c=643—Court may add additional punishment at hard labor for violation of ordinance to punishment assessed by jury.**

Where accused was convicted of violating city ordinance, circuit court had right to sentence him to 60 days at hard labor for city as additional punishment to that imposed by jury.

2. **Municipal corporations &c=643—Court may sentence one convicted of violating ordinance to work out fine and costs at 40 cents per day.**

Where accused was convicted of violating city ordinance, and jury found him guilty, and assessed punishment of fine, circuit court had right to sentence him to work out fine and costs at rate of 40 cents per day.

Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge.

Prosecution by the City of Tuscaloosa against John Harris for violation of a city ordinance. From a judgment of conviction, defendant appeals. Affirmed.

Wright & Clark, of Tuscaloosa, for appellant.

The circuit judge is without power to impose additional punishment at hard labor on appeal from recorder's court, triable by a jury, unless expressly authorized by ordinance. Code 1923, § 1937; Thomas v. Mobile, 203 Ala. 96, 82 So. 110; Guin v. Tuscaloosa, ante, p. 61, 106 So. 64; Clark v. Uniontown, 4 Ala. App. 264, 58 So. 725. Nor has such judge authority to sentence defendant to hard labor to satisfy fine and costs due the city, in the absence of ordinance so providing. Code 1923, §§ 1936–1938; Ex parte Adams, 170 Ala. 105, 54 So. 501; Dowling v. Troy, 1 Ala. App. 508, 56 So. 116; Case v. Mobile, 30 Ala. 538.

S. H. Sprott, of Tuscaloosa, for appellee.

The circuit judge does have authority to impose additional sentence to hard labor, and impose sentence to pay fine and costs due the city. Thomas v. Mobile, 203 Ala. 96, 82 So. 110; Guin v. Tuscaloosa, ante, p. 61, 106 So. 64; Ex parte Guin, 213 Ala. 685, 106 So. 67; O'Flynn v. Selma, ante, p. 185, 106 So. 393; Walton v. Tuscaloosa, ante, p. 64, 106 So. 67.

RICE, J. Appellant was convicted of the offense of violating the terms of a specified ordinance of the city of Tuscaloosa.

Assignments of error 1 and 2 have been rendered without merit by a corrected copy of the judgment entry, now appearing in the record. This shows that appellant did in fact plead to each of the charges carried in the complaint. The evidence was sufficient to support the verdict returned.

[1] The court had the right to sentence the defendant to 60 days at hard labor for the city as additional punishment to that imposed by the jury. Guin v. City of Tuscaloosa, ante, p. 61, 106 So. 64.

[2] Likewise the court was within its rightful province in sentencing the defendant to work out the fine and costs at the rate of 40 cents per day. Guin v. City of Tuscaloosa, supra.

There is no error in the record, and the judgment must be affirmed.

Affirmed.

---

&c=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes