43 So.2d 843
### JOHNSON v. CITY OF JASPER.
6 Div. 972.

Court of Appeals of Alabama.

Jan. 10, 1950.

Powell & MacLaurin, of Jasper, for appellant.

Fite & Fite, of Jasper, for appellee.

CARR, Judge.

The prosecution in this cause had its inception in the Recorder's Court of the City of Jasper, Alabama. The accused was there convicted of violating a · city ordinance which prohibited the possession of intoxicating liquors.

An appeal followed to the circuit court. The city attorney filed a complaint in which he charged the defendant with possessing a quantity of intoxicating liquors or beverages in violation of Sec. 58, Chapter 21 of the 1948 City Code of Jasper, Alabama.

The conviction of the appellant was based on the evidence introduced in behalf of the City. The defendant did not testify nor offer any evidence.

There were no questions raised in the court below as to the sufficiency of the complaint. Nor were there any objections

interposed to the introduction of the ordinance. The general affirmative charge was not requested in appellant's behalf, neither was a motion for a new trial filed.

The assignments of error and argument in their support relate to matters that were not presented at nisi prius.

Our appellate courts have often announced our reviewing authority when the record appears in this form. Brooks v. City of Birmingham, 31 Ala.App. 496, 19 So.2d 74; O'Rear v. State, 27 Ala.App. 371, 172 So. 674; Kornegay v. State, 34 Ala.App. 274, 38 So.2d 606.

The jury returned a verdict of guilt and assessed a fine of $10.00. The court sentenced the appellant to imprisonment in the city jail of Jasper, Alabama, for ten days to pay the fine and imposed an additional punishment of ninety days hard labor. It is here insisted that the court was without authority to impose the indicated hard labor sentence.

The pertinent part of Sec. 587, Title 37, Code 1940, provides: "The case appealed shall be tried de novo in such court, and the judge or jury trying such cause is authorized to impose upon the person convicted such punishment by fine, or imprisonment in the city jail, or other place of confinement, or hard labor for the city, or by fine and imprisonment, as the court or jury may deem proper and is authorized by law or ordinance for such offenses."

There seems to be some confusion among the authorities with reference to the matter of instant concern.

In the case of Clark v. City of Uniontown, 4 Ala.App. 264, 58 So. 725, this court held that the circuit judge did not have the authority to impose an additional sentence of hard labor on the streets of the city.

This holding was followed in Hannibal v. City of Mobile, 16 Ala.App. 625, 80 So. 629; Jackson v. City of Mobile, 16 Ala. App. 664, 81 So. 184; and Goldberger v. City of Mobile, 17 Ala.App. 145, 82 So. 635.

In the case of Thomas v. City of Mobile, 203 Ala. 96, 82 So. 110, the Clark case, supra, was expressly disapproved by the Supreme Court.

It seems now well settled that the provision "judge or jury trying such cause", as it appears in the statute, supra, has reference to whether or not the trial is by the court without a jury or by the court with the aid of the jury. The statute is not construed by the late decisions to mean that there is a limitation on the discretion of the circuit court on appeal to impose the additional hard labor sentence. Guin v. City of Tuscaloosa, 21 Ala.App. 61, 106 So. 64; O'Flynn v. City of Selma, 21 Ala.App. 185, 106 So. 393; Harris v. City of Tuscaloosa, 21 Ala.App. 374, 108 So. 768; Harris v. City of Tuscaloosa, 21 Ala.App. 316, 108 So. 79; Windham v. City of Andalusia, 218 Ala. 428, 118 So. 739.

It follows that the judgment of the circuit court in sentencing the accused for ninety days to hard labor for the City of Jasper as additional punishment was within the authority of the law.

The judgment below is due to be affirmed in every respect. It is so ordered.

Affirmed.