105 So.2d 735

Evelyn Perry FONDREN

v.

CITY OF JASPER.

6 Div. 613.

Court of Appeals of Alabama.

Oct. 7, 1958.

T. K. Selman and T. L. Beaird, Jasper, for appellant.

Bankhead & Petree, Jasper, for appellee.

HARWOOD, Presiding Judge.

In the Recorder's Court of the City of Jasper this appellant was found guilty of driving while intoxicated contrary to an ordinance of the City of Jasper.

She perfected her appeal to the Circuit Court of Walker County, where her jury trial resulted in a verdict of guilty, the jury assessing a fine of $100 and costs, to which the judge added a sentence of six months hard labor for the City of Jasper.

The evidence presented by the City in the trial below was ample, in fact overwhelming, in its tendencies to support the verdict and judgment.

■ In brief counsel argues that because in the complaint filed by the City in the circuit court it was averred that the offense occurred within "the corporate limits or the police jurisdiction" of the City of Jasper did not inform the appellant of the offense she was called upon to defend, and therefore appellant's motion to exclude the evidence should have been granted.

■ There is no merit in this contention. The information followed the words of the ordinance, and the alternative charge was permissible. Griffin v. State, 22 Ala.App. 369, 115 So. 769; Section 247, Title 15, Code of Alabama 1940. Further, it was not necessary to allege in the complaint where the offense was committed, this being a matter of proof upon trial. Hammonds v. City of Tuscaloosa, 21 Ala.App. 286, 107 So. 786. The proof submitted by the City in the trial below clearly established the venue of the offense, and the jurisdiction of the City.

■ In its verdict the jury assessed a fine of $100 against the appellant. The court imposed a sentence of six months hard labor for the City of Jasper as additional punishment.

Counsel for appellant argues that the court was without authority to impose such additional punishment, since under the State statute pertaining to driving while intoxicated one convicted can be sentenced to hard labor only upon a second or subsequent conviction. See Section 2, Title 36, Code of Alabama 1940.

This contention is likewise without merit.

The ordinances of the City of Jasper provide as punishment for the violation of any of its ordinances a fine of not less than one dollar, or more than one hundred dollars, and also, the offender may be sentenced to hard labor for the City for not more than six months.

This is within the limits of punishments which the legislature, by Section 445, Title 37, Code of Alabama 1940, had specifically authorized municipalities to provide.

Counsel also argues that the court was without authority to impose the additional hard labor sentence under Section 336, Title 15, Code of Alabama 1940. Counsel cite no authority in this portion of their argument other than Section 336, supra. We think it sufficient to say that Johnson v. City of Jasper, 35 Ala.App. 82, 43 So.2d 843, furnishes a complete answer to this contention of appellant, and upholds the lower court's action in the premises.

■ Counsel further argues that the court erred in sentencing the appellant to hard labor for the City of Jasper in view of Section 463, Title 37, Code of Alabama 1940, which provides that a woman cannot be punished for violation of a municipal ordinance by subjecting her to work on the streets.

The appellant was not sentenced to work upon the streets, but to six months hard labor for the City of Jasper. There are many chores which a female convict can perform in and about a city jail, such as work in the jail kitchen, cleaning, etc. There is no valid reason why a female convict should not be subjected to such labor. Certainly an ordinary law abiding housewife performs such duties.

■ At the conclusion of his oral instructions the court was requested by appellant's counsel to "clarify, if I can, about the degree of intoxication." The court had in its instructions fully and accurately covered this matter. However, in deference to counsel's request the court further instructed the jury. At the conclusion of this additional instruction counsel for appellant stated:

"We would like to have an exception to that."

Without intimating that the court may have erred in its additional instructions, it is clear that for the most part such additional instructions were absolutely correct statements of the principles applicable. Counsel's attempted reservation to "that" is too general to invite our review.

Affirmed.