(81 South. 145)

BENJAMIN v. CITY OF MONTGOMERY.
(3 Div. 345.)

(Court of Appeals of Alabama.   Feb. 11, 1919.)

1. JURY ⬤═25(6)—DEMAND FOR JURY—TIME.

Where defendant, charged with violation of prohibition ordinance, perfected appeal on January 23, 1917, a demand for a jury trial, filed February 5, 1918, after cause had been reversed, was not within the time required by Acts 1915, p. 939, as to securing jury in misdemeanor cases, and was too late, in view of Code 1907, § 1451, as to appeals from conviction under ordinance, being governed by law regulating appeals from judgments of justices of the peace.

2. CRIMINAL LAW ⬤═304(12)—JUDICIAL NOTICE—ORDINANCES.

Courts do not take judicial notice of ordinances of cities or towns, and proof of prohibition ordinance of city is essential in prosecution for violation thereof.

3. MUNICIPAL CORPORATIONS ⬤═122(2)—ORDINANCES—EVIDENCE.

Where prohibition ordinance of city, which defendant was charged with violating, was not introduced in evidence, nor proof with reference thereto offered, judgment of conviction will be reversed, and cause remanded.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Arthur Benjamin was convicted of violating an ordinance of the city of Montgomery, and he appeals. Reversed and remanded.

The appeal was perfected and filed in the office of the clerk of the city court on January 23, 1917, a conviction was had and an appeal taken, and the cause was reversed, and afterwards, on the 5th day of February, 1918, defendant filed a demand for a jury trial, which was denied him. The defend-

ant was charged with violating provisions of section 23 of the prohibition law of Montgomery, which said ordinance was duly and legally adopted by the city commissioners of Montgomery, and was on said date a valid existing ordinance of the city of Montgomery, in full force and effect.

Brassell & Brassell, of Montgomery, for appellant.

L. A. Sanderson, of Montgomery, for appellee.

BRICKEN, J. This is the second appeal in this case. Benjamin v. City of Montgomery, ante, p. 389, 78 South. 167.

The complaint upon which the defendant was tried and convicted was not subject to the demurrers interposed, and the court did not err in overruling the demurrers. Rosenberg v. City of Selma, 168 Ala. 195, 52 South. 742; Benjamin v. Montgomery, supra.

[1] The demand for trial by jury not having been made within the time required by law, a trial by jury was properly denied. Acts 1915, p. 939; Kreutner v. State, ante, p. 553, 80 South. 127; Code 1907, § 1451.

[2] The twelfth assignment of error must be sustained. The bill of exceptions, which purports to contain all of the evidence introduced upon the trial of this cause, affirmatively shows that the ordinance of the city of Montgomery which this defendant was charged with violating, was not introduced in evidence, and no proof whatever with reference thereto was made or offered to be made. The courts do not take judicial knowledge of the ordinances of cities and towns (Case v. Mobile, 30 Ala. 538; Furhman v. Huntsville, 54 Ala. 263; N. B'ham Ry. v. Calderwood, 89 Ala. 247, 7 South. 360, 18 Am. St. Rep. 105; Excelsior Steam Laundry Co. v. Lomax, 166 Ala. 612, 52 South. 347), and proof thereof is just as essential, under the law, as proof of any other material fact necessary to establish the case for the city.

[3] For the error in rendering judgment against the defendant, in the absence of proof of the ordinance under which he was being tried, the judgment of the lower court is reversed, and the cause is remanded.

Reversed and remanded.