(104 So. 46)

### CABANISS v. CITY OF TUSCALOOSA.
### (6 Div. 536.)

(Court of Appeals of Alabama. March 24, 1925.)

1. Criminal law ⬅️1178—Assignments of error not argued are waived.

Only such assignments of error as are insisted on will be considered, and all others which are not argued or mentioned in the brief will be deemed waived.

2. Criminal law ⬅️655(7)—Court's remarks, in presence of panel from which jury was to be drawn, as to jurors' duty, held not prejudicial.

Court's remarks, made in presence and hearing of panel from which jury was to be drawn, addressed to jury who made a mistrial in a previous case, similar to that of defendant's, as to duty to enforce the law, held not prejudicial, where remarks were general and referred to no particular case, and did not suggest an opinion of court as to defendant's guilt, and jury, notwithstanding remarks, were free to bring in a verdict according to their own convictions.

3. Criminal law ⬅️731—Jury's duty to follow court's instructions as to the law.

It is duty of jury to follow court's instructions as to the law.

4. Constitutional law ⬅️257—Accused must be given due process of law.

In criminal cases, accused shall not be deprived of his life, liberty, or property, except by due process of law.

5. Intoxicating liquors ⬅️238(2) — Whether whisky found in defendant's car was placed there by him and with his knowledge held for jury.

In liquor prosecution, whether whisky found in defendant's car was placed there by him and with his knowledge, held for jury.

6. Criminal law ⬅️829(1)—Refusal of requested charge substantially covered by court's oral charge, is not error.

Refusal of requested charge, substantially and fairly covered by court's oral charge and other given charges, is not error.

7. Criminal law ⬅️304(12)—Judicial cognizance of municipal ordinances not taken.

Courts do not take judicial cognizance of municipal ordinances.

8. Intoxicating liquors ⬅️223(1)—Conviction for violation of prohibition ordinance unauthorized, where no ordinance in evidence.

Conviction for violation of prohibition ordinance was unauthorized, where ordinance was not in evidence.

Appeal from Circuit Court, Tuscaloosa County; John McKinley, Judge.

Prosecution by the City of Tuscaloosa against Oscar Cabaniss for violation of prohibition ordinance. From a judgment of conviction, defendant appeals. Reversed and remanded.

Reuben H. Wright and Lee M. Clark, both of Tuscaloosa, for appellant.

Courts do not take judicial notice of municipal ordinances. Excelsior Steam Laundry Co. v. Lomax, 166 Ala. 612, 52 So. 347. Case v. Mobile, 30 Ala. 538; Fuhrman v. Huntsville, 54 Ala. 263; North Birmingham R. Co. v. Calderwood, 89 Ala. 247, 7 So.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

360, 18 Am. St. Rep. 105. The action of the trial court in refusing a continuance was error.

S. H. Sprott, of Tuscaloosa, for appellee.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. This prosecution was for a violation of an ordinance of the city of Tuscaloosa, the offense charged being a violation of the prohibition laws of said city, and, from a judgment of conviction in the recorder's court, defendant appealed to the circuit court. He was there tried by a jury, was again convicted, and appeals here.

[1] Errors are assigned, as the law requires. Many of these assignments are not argued or mentioned in appellant's brief. Under the rule, only such assignments of error as are insisted upon will be considered. All others will be deemed as waived or abandoned. No brief has been filed in behalf of the city of Tuscaloosa, appellee.

[2-4] The first assignment of error argued and insisted upon is based upon the refusal of the court to grant the motion of defendant to order a continuance of the cause; the motion being upon the grounds of the alleged improper remarks of the court, in the presence and hearing of the panel from which the jury was to be drawn to try this defendant; it being alleged that said remarks of the court were addressed to the jury who made a mistrial in the case of one Prewitt v. State, which said case was similar to the case of defendant. The remarks complained of are as follows:

"It is a pitiful sight to see as a jury in the case that has been submitted to you, and which you are considering that you cannot reach a verdict; you say that you are not in doubt as to the law that has been given to you by the court, and it is simply a question of evidence in this case. Now, you will never have law and order in Tuscaloosa, and Tuscaloosa will never go to the top that it has every promise to be unless we can enforce the law, and we cannot enforce the law in the absence of jurors who do not put aside all personal feelings and decide the case according to the law and the evidence in the case. This case is not a government of man but of law, and some jury has got to decide this case one way or the other. Some of you, no doubt, are wrong, and some of you are right. I do not know how you stand, and do not care to know what you are going to say to your conscience about this case. The next jury that is drawn may be of more intelligent people and will seek to uphold the law better than you, if you are not willing to do your part as citizens of this county to enforce the law. The court will enter a mistrial in this case."

It must be admitted that the above remarks were unguarded and under the circumstances of very doubtful propriety. It is true of course that a circuit judge should probably, above all others, be earnest and zealous in seeing that a proper administration of the law is had, and, so far as his legitimate powers will permit, his every effort, in such capacity, should be to secure proper enforcement of all laws, which of course contemplates convictions, where convictions should be had, and also acquittals in all cases where the state fails to meet the burden of showing, by the evidence beyond a reasonable doubt and to a moral certainty, the guilt of the defendant, as charged. The trial judge, as a natural consequence of his position, wields a great influence in the trials of all cases, and especially with the juries, for it is the duty of the jury to follow his instructions as to the law. This being true, too great a caution cannot be exercised by a trial judge, in his zeal to this end, not to invade or impair the constitutional rights of an accused to a fair and impartial trial according to the law and the evidence; for the fundamental law is that in all criminal cases the accused shall not be deprived of life, liberty, or property, except by due process of law. However, when the remarks of the court complained of are properly analyzed and considered, we are of the opinion they do not show such an abuse of discretion of the court in such matters as would necessitate a reversal of the judgment appealed from. It appears the remarks were general, and referred to no particular case or to the defendant here, whose case was set for trial. And in no portion of the remarks made was there an intimation that the jury should convict any defendant, whose case was set for trial, unless they were convinced from the evidence beyond a reasonable doubt that the defendant was guilty, nor was there anything suggesting an opinion of the court as to the guilt of the defendant. We therefore cannot sustain the insistence of appellant that the remarks of the court complained of did of necessity prejudice the jury or intimidate them in the present case. It is apparent that, notwithstanding the remarks, the jury were free to bring in a verdict according to their own convictions.

[5] In this case, the evidence without conflict disclosed that the officers who arrested this appellant found in his automobile at that time large quantities of whisky. However, the defendant insisted, and so testified, that he did not put the whisky in the car, nor did he know that it was in his car. These insistences of course presented a jury question.

[6] It is next insisted that the court erred in refusing to give special written charge 3, requested by defendant. Upon examination of this charge, we find that the propositions of law contained therein were substantially and fairly covered by the court's oral charge and also by given charges A and B. This being true, the court was under no duty to give the charge in question.

The following statement of the court cov-

ers fairly and substantially refused charge 22. The court said:

"* * * However, if the jury should believe that some one else put the whisky in the car, and that he had no knowledge whatever that the whisky was in his car, no matter to whom it belonged, then of course he would not be guilty."

[7, 8] The bill of exceptions contains the following recital: "This was all the evidence in the case." It follows, therefore, that assignments of error 5, 6, and 7, are well taken and must be sustained. Courts do not take judicial cognizance of municipal ordinances. Benjamin v. City of Montgomery, 16 Ala. App. 653, 81 So. 145, and therefore the judgment pronounced and entered by the court in this case was unauthorized and without authority, it being evident that such judgment was based upon and in pursuance to the provisions of some ordinance of the appellee city, and no such ordinance was introduced upon the trial of this case.

Other questions are presented, but from what has been said there appears no necessity to discuss them.

Reversed and remanded.